LESLIE W. PERKINS *vs.* CHARLES E. SPAULDING.

Plymouth.    October 21, 1902. — October 30, 1902.

Present: MORTON, LATHROP, BARKER, & LORING, JJ.

*Malicious Prosecution.    Evidence.*

In an action, by one who had been the manager of the defendant's hotel, for malicious prosecution on a charge of embezzling certain furnishings of the hotel, the defendant may introduce evidence tending to show that the plaintiff about the time alleged in the indictment removed from the hotel without the defendant's consent other articles belonging to the defendant besides those named in the indictment and that the defendant knew of this as well as of the removal of the articles with the embezzlement of which he charged the plaintiff and that he was influenced by such knowledge.

In an action for malicious prosecution the defendant is not entitled to an instruction that the finding of a bill by the grand jury is prima facie evidence that the defendant had probable cause for instituting the proceedings resulting in the indictment, although *semble*, that it is some evidence of such probable cause.

TORT for malicious prosecution. Writ dated November 27, 1901.

At the trial in the Superior Court before *Hardy*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions to the exclusion of certain evidence and the refusal of a certain ruling which are stated by the court.

*R. W. Nutter*, for the defendant.

*F. M. Bixby*, for the plaintiff.

BARKER, J. 1. We think the defendant should have been allowed to put in the evidence which was excluded. The plaintiff had been the manager of a hotel owned by the defendant and in running it had been allowed to use a large part of the furnishings therein, belonging also to the defendant. The complaint, in form for larceny, was in fact for the embezzlement of some of these furnishings, as also was the indictment. At the trial the evidence tended to show that the defendant had reason to believe that certain of these furnishings owned by him including those named in the complaint and indictment were wrongfully taken from the hotel by the plaintiff, and that the charges made in the complaint and in the indictment were for this unlawful taking.

The excluded evidence would have tended to show that the plaintiff at about the same time also removed from the hotel without the defendant's consent other articles belonging to the defendant besides those charged in the complaint and the indictment, and that the defendant knew of this as well as of the removal of the articles the larceny of which was charged when he preferred the charges and that he was influenced by such knowledge.

Evidence of the embezzlement of other articles at about the same time, from the same owner and under the same general circumstances would have been competent in the trial of the complaint and of the indictment to prove the plaintiff's guilt by showing the intent with which he removed from the hotel the articles which he rightfully could use in running the hotel. *Commonwealth* v. *Tuckerman*, 10 Gray, 173, 197–201. *Commonwealth* v. *Shepard*, 1 Allen, 575. *Commonwealth* v. *Russell*, 156 Mass. 196. Evidence competent upon the trial of the charge is competent at the trial of the action for malicious prosecution. *Bacon* v. *Towne*, 4 Cush. 217, 241. *Bullock* v. *Lindsay*, 9 Gray,

30, 32. That about the same time the plaintiff without the defendant's consent had removed other articles from the hotel was a circumstance which naturally and properly might affect the defendant's mind and lead him to a reasonable belief that the plaintiff had taken with guilty intent the articles charged in the prosecutions, and to show also that the defendant acted in good faith and with the honest purpose of bringing an offender to justice, and so without malice. See *Ripley* v. *McBarron*, 125 Mass. 272; *Falvey* v. *Faxon*, 143 Mass. 284; *Commonwealth* v. *Lubinsky*, *ante*, 142, and cases cited.

2. The remaining exception is to the refusal to rule that the finding of a bill by the grand jury was prima facie evidence that the defendant had probable cause for instituting the proceedings resulting in the indictment. If the request had been for an instruction that the finding of the indictment was evidence of probable cause, it would have had the support of authority. See *Cardival* v. *Smith*, 109 Mass. 158, 159, which holds that the finding of a grand jury is some evidence of probable cause. But the presiding judge was not bound to rule that the finding of the grand jury was prima facie evidence. *Carmody* v. *Boston Gas Light Co.* 162 Mass. 539, 541. No exception is shown to have been taken to the instruction that " the mere fact that an indictment is found is not evidence of probable cause."

Because of the erroneous exclusion of evidence the verdict must be set aside and a new trial ordered.

*Exceptions sustained.*