No. 15,514.

FLADER ET AL. *v.* SMITH.
(181 P. [2d] 464)

Decided March 3, 1947.   Rehearing denied June 2, 1947.

Mr. CHARLES E. FRIEND, for plaintiffs in error.

Mr. LOUIS G. ISAACSON, for defendant in error.

*In Department.*

MR. JUSTICE JACKSON delivered the opinion of the court.

PLAINTIFF Smith, who is the defendant in error here, obtained a verdict and judgment in the amount of $1,550 against H. A. Flader and The Flader Land Company, a corporation. The jury awarded damages on plaintiff's first cause of action for malicious prosecution in the amount of $500, and exemplary damages in the amount of $1,000. The second cause of action was for conversion, and the jury found the damages on that count to be fifty dollars. The losing defendants come here by writ of error.

The evidence shows the following facts as the basis for this action. Plaintiff Smith became a tenant on a ranch east of Denver belonging to the land company and moved onto the premises with his nineteen year old son and fourteen year old daughter. Smith had some cattle and hogs which he was permitted to keep on the place, and testified that he also had some arrangement with the landlord regarding the use of some of the more inferior wheat that was still in the fields to feed to his livestock—his story being that if he was willing to take the trouble to haul it in he could use it for feeding purposes. No open rupture in the relations between landlord and tenant occurred until the time when Smith's son, in using the tractor for some purpose of his own, stalled the tractor, left it where cooling liquid became frozen and then, while attempting to move it, "burned it out," as a result of which the machine was damaged to the extent of several hundred dollars. Words ensued between the parties after this episode, and the agent of the Flader Company later notified Smith that he had better leave the leased premises. Smith maintains he left because Flader did not give him a lease on Flader land near the town of Byers as he had promised. The Smith family did leave shortly thereafter, and Flader then found that a lock had been broken off the door to

an elevator, the elevator had been entered and some wheat, tools and other property taken from it. He notified the sheriff's office of the loss and related to him the circumstances of the tenant's leaving, and gave the officers the address that Smith had given when he left the premises. The sheriff found this address to be a false one, and later located the Smith family at another address east of Denver. There he found some of the tools, other property, and the wheat which Flader had reported as having been stolen. Criminal charges were filed against Smith for the theft of nineteen sacks of wheat, and he was incarcerated for two days and one night. He was then released, and the criminal charges against him were subsequently dismissed. Thereafter Smith instituted the present action for damages for malicious prosecution. Defendant landlord answered and, after denying that the prosecution was grounded upon malice, asserted that complete disclosure had been made to the sheriff's office, and also alleged that at the time of Smith's release his son had pleaded guilty to the theft of the tools and other property taken from the Flader premises and was sentenced to the penitentiary.

At a pretrial conference the parties entered into the following stipulation:

"1. It is stipulated between counsel that the complaint against the plaintiff before the Justice of the Peace was dismissed by Mr. Gaunt, deputy district attorney, on his own motion and that the defendant Flader did not request nor agree to the dismissal.

"2. It is further stipulated that if, at the time of trial, the court shall deem such evidence relevant, the facts are admitted to be that at the same time Smith was charged relative to stealing wheat, Smith's son was also charged in the district court with stealing tools and other personal property of the Flader Land Company, and that the boy pleaded guilty and was sentenced by the district court on such charge. Provided, that such

stipulation is solely as to facts, not as to the relevancy of such facts to the issues of the within case.

"3. It is further stipulated that plaintiff is not required to produce in evidence testimony as to the specific verbiage of the complaint filed against plaintiff, and that the parties will rest upon the description thereof incorporated in the pleadings.

"4. It is further stipulated that H. A. Flader, in signing the complaint and doing the acts complained of in the within complaint, was acting in the capacity of president and agent admitted in the answer."

In the subsequent trial, although the testimony of Brack, one of the Flader witnesses, went generally to the effect of the matters set forth in paragraph 2 of the stipulation, supra, Flader himself was not permitted to testify as to this phase of the case but was limited to evidence concerning the wheat which was taken from his premises. The court in its instructions, although in the preliminary statement making passing reference to the thefts of other property by the son, made no further mention of that incident, and the formal numbered instructions deal solely with the matter of the wheat which was taken from the premises at or about the time that the Smiths left them. These instructions included the direction that, if the jury should find that plaintiff Smith was the owner of the wheat stored on defendants' property and that such wheat was taken by defendants or its possession denied plaintiff by them, the latter could then recover damages not to exceed the amount of fifty dollars claimed by him to be the value of the wheat converted.

The record concerning the offer of proof which the trial court denied is as follows:

"Defendants offer to prove by the witness Flader that prior to the time of filing the criminal information against Amos Smith, he disclosed to the Sheriff and to the District Attorney the following facts within his

knowledge: That immediately following the 7th of April he and his men found that plaintiff Amos Smith's car had been used to drive into the field of the Flader Land Company some four or five miles distant from the ranch house occupied by Smith; that on the evening of the theft of a carburetor, headlights, battery, tires and wheel, the plaintiff Amos Smith's car had been used, and that during the time of such theft the car of Amos Smith's son was at all times at the ranch house. That the Sheriff, in company with Flader and Brack, saw and called attention to the fact that Amos Smith's car had been in this field immediately prior to the stripping of the above items. That after the elevator had been broken into, the chain and block, certain engine parts and tools were located by the Sheriff partly on Amos Smith's place and partly in a garage near Aurora. That immediately thereafter, in the presence of the Sheriff and the District Attorney, while D. L. Miller was present in the Sheriff's office at Brighton, these facts were disclosed to both the Sheriff and the District Attorney, and following same the complaint was drawn by the District Attorney, signed by the defendant Flader, and filed. That thereafter an information was drawn in the District Court against Smith's boy, Leroy Smith, and upon that information the boy pleaded guilty and was sentenced to the penitentiary."

██ ██ The trial court refused to admit this proferred testimony on the basis that the matters contained therein were not covered by the pleadings. The record shows that this position was correct so far as the complaint is concerned; but, as already noted, defendants in their answer set up the substance of the matters which were offered in evidence and refused admittance by the trial court. That ground of rejection is not a valid one therefore. Counsel for defendants cite *Perkins v. Spaulding,* 182 Mass. 218, 65 N.E. 72; *Graham v. Graham,* 126 N.Y.S. 941; *Thelin v. Dorsey,* 59 Md. 539; *Lasky v. Smith,* 115 Md. 370, 80 Atl. 1010; *Florence Oil & R. Co. v. Huff,*

14 Colo. App. 281, in support of their position that the offered evidence should have been admitted. Plaintiff's counsel distinguishes the first three cases by the fact that evidence admitted therein pertained to crimes committed by the same person at another time and not, as in this case, to a crime committed by another person on or about the same time. We believe, however, that in view of the fact that other articles were stolen from Flader, and that some of them were subsequently found in the possession of Smith, the following paragraph from *Perkins v. Spaulding, supra,* has some pertinence:

"That about the same time the plaintiff without the defendant's consent had removed other articles from the hotel was a circumstance which naturally and properly might affect the defendant's mind and lead him to a reasonable belief that the plaintiff had taken with guilty intent the articles charged in the prosecutions, and to show also that the defendant acted in good faith and with the honest purpose of bringing an offender to justice, and so without malice. See, *Ripley v. McBarron,* 125 Mass. 272; *Falvey v. Faxon,* 143 Mass. 284; *Commonwealth v. Lubinsky, ante,* 142, and cases cited."

"Possession of recently stolen property is evidence of probable cause unless a reasonable explanation of such possession is given. 26 Cyc. 37." *Lasky v. Smith, supra."*

In *Florence Oil & R. Co. v. Huff,. supra,* Judge Thomson used these words: "In the nature of things Gumaer [defendant in a malicious prosecution suit] must form his judgment from outside appearances; and if those appearances, although they might have belied the facts, furnished a reasonable ground of suspicion and were of such a nature as to warrant a person of ordinary caution, in coming to the conclusion that a crime had probably been committed, the defendants, by following the appearances, and acting upon the conclusion to which they led, incurred no liability to the plaintiff. It is true that inculpating appearances are not incompatible with the innocence of the person towards whom they point,

but that they exist is his fault or his misfortune; and if they result in his annoyance, he has no remedy."

■■ Here, defendant Flader knew that his property had been burglarized, and that the tools taken were found on plaintiff's property after the burglary. Plaintiff was not charged with the theft of these and other items of property, because his son pleaded guilty and was sentenced to the penitentiary therefor; but nineteen bags of wheat which defendant Flader believed were his also were found on plaintiff's property—wheat which apparently had been taken clandestinely and at the time of the theft of the tools and other property. This evidence all went strongly to the question as to whether there was probable cause for the filing of the criminal charges, and the existence of probable cause is alone sufficient to relieve a defendant of a charge of malicious prosecution. 34 Am. Jur., p. 731, §46. Both malice and want of probable cause must be proved to justify a recovery. Restatement of Law—Torts, c. 29, §672.

■ It is argued, however, that much of the evidence concerning the finding of the stolen tools and other property on the premises of plaintiff was already in the record through the testimony of Brack, an employee of Flader; but the testimony of some of plaintiff's witnesses tended to weaken Brack's reputation for truth and veracity. It was not he, but the Flader Land Company and Flader who were defendants in this case. It was they who had a right to answer the plaintiff's case showing lack of probable cause by introducing their evidence concerning the circumstances which they thought justified Flader in believing there was probable cause. The test of probable cause applies solely to the defendant in a malicious prosecution case. As stated above, defendant may have probable cause for the filing of charges even though subsequent events may prove such charges to be erroneous.

As the court stated in *Florence Oil & R. Co., v. Huff, supra:* "In this class of cases the liability of juries to lose sight of the real issues, and to be influenced by sentiment rather than the pertinent facts, is noted by careful observers. In the language of Mr. Newell: 'Our experience teaches us there are few questions of law more difficult of apprehension by a jury than those which govern trials for malicious prosecution. It seems difficult for them to appreciate, if the plaintiff was really innocent of the charge for which he was prosecuted, that he still ought not to recover. They do not readily comprehend why an innocent man may be prosecuted for a supposed crime or offense, and yet have no recourse against the prosecutor who caused his arrest and imprisonment.' Newell on Malicious Prosecution, 269."

The matter of this proffered evidence, refused by the trial court, is covered by points three and four of the fifteen specifications of plaintiffs in error. In view of our disposition of the case, we deem it unnecessary to discuss the other thirteen specifications.

Judgment reversed and cause remanded.

*On Petition for Rehearing.*

Mr. Justice Jackson.

In respect to the second cause of action relating to conversion, the trial of which resulted in a verdict and judgment in favor of plaintiff for fifty dollars, the judgment is affirmed.

As so modified, the opinion of this court is adhered to and the petition for rehearing is denied.

Mr. Chief Justice Burke and Mr. Justice Luxford concur.