100 So.2d 375 (1958)
Al GALLUCCI, Appellant,
v.
Jacob MILAVIC, Appellee.
Supreme Court of Florida.
February 12, 1958.
*376 Von Arx, Von Arx & Hope, Miami, for appellant.
Charles F. Zokvic, Miami, for appellee.
THOMAS, Justice.
At the close of the appellant's testimony, in the trial of his action to recover from the appellee damages for malicious prosecution, the judge directed the jury to return a verdict in appellee's favor. From the subsequent judgment this appeal was taken.
The parties had been partners in the sale of used cars and had owned, as partners, several vehicles including a Hudson sedan and a Dodge "four door" as well as other property including an extension cord, battery cable and wrenches. They became involved in a dispute and the appellee ordered the appellant to leave the premises. Evidently he obeyed and when he did he took with him the cord, cable, wrenches and four automobiles.
The appellee then signed affidavits charging the appellant with theft of the Hudson and Dodge cars and the other property we have described.
At a preliminary hearing before a justice of the peace, at which the appellant remained silent, he was held for trial on two charges of grand larceny and one of petit larceny. The county solicitor filed no informations for the greater offenses but the appellant was tried for the lesser one in the Court of Crimes of Dade County. At the conclusion of the state's case, the judge granted appellant's motion for a directed verdict of not guilty.
All the elements of an action for malicious prosecution were detailed in Warriner v. Burdines, Inc., Fla., 93 So.2d 108. Of course, we are immediately concerned with but two of these, probable cause and malice.
In the present action the appellant charged the appellee with having instigated the prosecutions without probable cause and with reckless disregard of appellant's rights under circumstances demonstrating oppression and wantonness, all of which, so it was alleged, caused the appellant financial loss, bodily distress and humiliation.
The appellant testified at the trial of this action for damages that it was customary for the partners, and for appellee's sons, to use, on personal missions, cars in the possession of the partnership and he argues that these circumstances indicate there was want of probable cause that his taking of the cars constituted larceny. And he insists that there were no facts indicating that he acted clandestinely or that he intended *377 to convert the partnership property to his own use, although there was some evidence that he obtained the cars when appellee was absent.
The property other than the motorcars was said by appellant to have been kept in his own trailer which by agreement of the parties was used as their office. When the partners became estranged the appellant drove away his trailer in which this other property was located. There was testimony that one of these articles belonged to the appellant, and the others to the partnership.
Evidently appellant was taking a short cut to a partial dissolution of the partnership in order to be sure some of the assets would be available to him, and apparently his action was prompted by the ill feeling engendered by the dispute that had arisen.
Under the law, Sec. 37.03, Florida Statutes 1955, F.S.A., a justice of the peace may issue process for persons charged with crime and make the same returnable before himself for examination. In the instant controversy this procedure was followed and when the matter came before the justice of the peace for examination, he found probable cause that the offenses had been committed and held that the appellant should answer. Sec. 902.14, Florida Statutes 1955, and F.S.A. Had he concluded no probable cause appeared he would have discharged appellant. Sec. 902.13, Florida Statutes 1955, and F.S.A. We repeat the significant circumstance that during this procedure the appellant said nothing. So when the cases had been processed by an officer empowered to deal with them and left his office on the way to the prosecutor, the county solicitor, they carried the verity that there was probable cause that the appellant had committed the crimes of which he was accused.
Justification for instituting the criminal proceedings against appellant existed if appellee entertained a reasonable ground of suspicion, "supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief" that appellant was guilty of the larceny of the cars and other property, to paraphrase the language quoted from Dunnavant v. State, Fla., 46 So.2d 871, in Goldstein v. Sabella, Fla., 88 So.2d 910. A person need not be sure of the result of an eventual trial to have probable cause to start a prosecution. The court held in Lewton v. Hower, 35 Fla. 58, 16 So. 616, that binding over was determination of the existence of probable cause, although in the subsequent trial the defendant was acquitted.
It was determined in Goldstein v. Sabella, supra, that conviction in the criminal trial was conclusive evidence of the existence of probable cause at the outset, unless, of course, "the judgment was obtained by fraud, perjury, or other corrupt means" and that subsequent reversal would not vary the rule of conclusiveness in the absence of those elements.
It is true that there was no conviction in the present case but in Goldstein v. Sabella, supra, we brought forward the statement in Lewton v. Hower, supra, decided more than 60 years before, that the committal of a defendant is a determination that probable cause existed so as to put the wheels of criminal procedure in motion.
We conclude on this phase of the case that the presence of probable cause was adjudicated when the justice of the peace held that the appellant should answer the charges. This ruling was not an absolute rule but it raised a presumption of the existence of probable cause which could have been overcome by proof that the appellee had resorted to fraud or other improper means in securing the committal, and as a basis for the evidence it would have been necessary to allege that such was the case. In the complaint filed by the appellant he made no specific charge that the appellee had resorted to improper or corrupt methods in inaugurating the prosecution. He simply alleged that the appellee signed the original affidavits without probable cause, and that as a result of what the *378 appellee did, without probable cause, the appellant was damaged.
Having concluded that the element of lack of probable cause in the circumstances related was not established, there seems to be no reason to elaborate on the other element, maliciousness in starting the prosecutions, for our review of the authorities has convinced us that both must be established to support a claim for damages. Flader v. Smith, 116 Colo. 322, 181 P.2d 464, 172 A.L.R. 1335; Restatement of Torts, Sec. 672. Such was the opinion of the Supreme Court of West Virginia in Wright v. Lantz, 133 W. Va. 786, 58 S.E.2d 123, 126, in which it was written, quoting from Hunter v. Beckley Newspapers Corporation, 129 W. Va. 302, 40 S.E.2d 332, that "`[a]bsence of a showing of either [want of probable cause or malice] is fatal to the plaintiff's claim for recovery.'"
These rulings seem to harmonize with the pronouncement of this court in White v. Miami Home Milk Producers Ass'n, 143 Fla. 518, 197 So. 125. We stated in the opinion in that case that in Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757, three elements had to be established to warrant recovery for malicious prosecution: malice, want of probable cause and conclusion of the prosecution in plaintiff's favor. In the former we said that although termination favorable to the plaintiff had been proved, the plaintiff had failed to show the others, therefore, he could not prevail in the action. In the latter, the various elements including absence of probable cause and malice were listed and this court said that if any was lacking, the plaintiff could not win. In this connection a study of the decision sends the reader to the opinion in Tatum Bros. Real Estate & Inv. Co. v. Watson, 92 Fla. 278, 109 So. 623, thence to Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878, and thence to 38 C.J. 386; 54 C.J.S. Malicious Prosecution § 4.
All these authorities confirm the view that once a plaintiff fails to prove absence of probable cause, he loses his case, and although malice may be inferred from want of probable cause, the converse is not true. If, as appellant contends, the appellee was actuated by malice, it would, in the presence of probable cause, avail him nothing under the decisions to which we have referred. Ward v. Allen, 152 Fla. 82, 11 So.2d 193.
We end the discussion with this summary: probable cause was presumed from the official action; the presumption was not overcome; and there was no evidence of fraud or corruption infecting the decision to hold the appellant for trial
Affirmed.
TERRELL, C.J., THORNAL and O'CONNELL, JJ., and PEARSON, District Judge, concur.