## DAVIS v. QUILLE

[No. 70, September Term, 1967.]

*Decided February 7, 1968.*

632

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES, FINAN and SINGLEY, JJ.

*William O. Goldstein,* for appellant.

*Charles H. Dorsey, Jr.,* with whom were *Brown, Allen, Dorsey & Josey* on the brief for appellee.

MARBURY, J., delivered the opinion of the Court.

This is an action for malicious prosecution instituted in the Superior Court of Baltimore City by the plaintiff-appellant Marvin B. Davis against the defendant-appellee Allen Quille. The case was tried before Judge Jones and a jury, and a verdict was returned in favor of the defendant Quille. From the judgment entered upon the verdict the plaintiff appealed.

The details of the facts leading to the bringing of this suit were disputed, but the essentials are as follows. At the time of the incident that precipitated this suit, Davis was employed by Quille as a gas station attendant. On October 6, 1963, the date of the incident, it was the duty of Davis to come to the station at 809 Fremont Avenue, Baltimore, Maryland, where he was employed, and relieve June Willis who was working the evening shift. He arrived at approximately 12:30 a.m. and was given the receipts for the preceding shift, approximately $128, in a brown paper envelope. Davis said that he took the envelope and dropped it through a slot in the door of a storage room in the station. Willis said that he did not see what was done with the money. At any rate, when Quille opened the door to the storage room on the morning in question, there was no money and no envelope to be found. The door was locked and only Quille had a key. There were no other doors to the room. When the money was discovered missing Quille told Davis that if he hadn't returned the money by morning that he would swear out a warrant for his arrest. The money not being forthcom-

ing, a warrant was sworn out and Davis was arrested and charged with larceny after trust. A preliminary hearing was held at the Western Police Station at which Quille testified against Davis, who was subsequently held for action of the grand jury. The grand jury failed to indict him and he was released. The appellant then proceeded to institute the current action.

At the close of the evidence, Judge Jones gave instructions to the jury and the appellant claims that a portion of these instructions constituted reversible error in that the jury did not know and was not instructed that a preliminary hearing is not an adversary proceeding but is only for the purpose of establishing a prima facie case against the defendant.

This instruction of the trial judge, that the jury could consider the fact that the accused was held for the grand jury as a result of the preliminary hearing before the municipal court judge, constitutes the appellant's sole claim that error exists in this case. After an examination of that portion of the charge that was objected to and after a careful study of the authorities, we find that the trial judge was correct in charging the jury as she did, that they could consider, among other things, the fact that the defendant was held for action of the grand jury. The portion of the charge objected to was as follows:

> "In determining whether or not Mr. Quille had probable cause for starting this prosecution, take into consideration all the evidence that you have heard and you may include in your consideration the fact that as a result of the preliminary hearing before the Municipal Court judge, Mr. Davis was held for action of the Grand Jury. And you may also take into consideration the fact that when the Grand Jury did consider the matter it refused to indict him and granted a dismissal. You are not bound by the determination of either the Municipal Court judge or the Grand Jury, but you may consider those facts along with all the other evidence that you have heard."

The point of whether, in a suit for malicious prosecution, a trier of facts may consider the holding of an accused by a municipal court judge for the action of the grand jury, when he was sub-

sequently dismissed by that jury, as bearing upon the existence of probable cause to institute the prosecution has not been ruled upon in this state. The inclusion of such a statement in a charge to the jury we think did not constitute error, and in so holding we think our view is in accord with the weight of authority in other jurisdictions. In the leading case of *Gallucci v. Milavic,* 100 So. 2d 375, 68 A.L.R. 2d 1164 (Fla. 1958) the Florida court held in an action for malicious prosecution that a verdict was properly directed for the defendant when the plaintiff failed to rebut the presumption of probable cause arising from the action of a justice of the peace in holding the plaintiff for trial. Cases from other jurisdictions in accord with *Gallucci* are collected in annotations in 68 A.L.R. 2d following that case. Prosser, *Law of Torts,* 3d ed., 864-65, after stating that "a discharge by a magistrate after preliminary hearing, or the refusal of a grand jury to indict, is at least evidence that probable cause was lacking, * * *" goes on to say that, "Conversely, where the accused is committed or held to bail by a magistrate, or indicted by the grand jury, it is evidence that there was probable cause for the prosecution." To like effect 54 C.J.S., *Malicious Prosecution,* Section 34 b states as follows:

> "While there is some authority to the contrary, it has generally been held that, where the result of the preliminary examination before a magistrate or other judicial officer is unfavorable to accused, and he is held, or committed, or bound over, this is prima facie evidence of probable cause, or evidence of probable cause sufficient to warrant a jury in finding its existence, but not conclusive. This prima facie case may be rebutted or overcome by evidence, such as evidence that the action of the magistrate was obtained by fraud, false testimony, or other improper means or that defendant withheld material facts at the hearing, but unless it is overthrown by testimony of that character it becomes conclusive and prevents plaintiff from prevailing."

To the same effect see 34 Am. Jur., *Malicious Prosecution,* Section 64, and Restatement, *Torts,* Section 663 (2).

We hold that where, at a preliminary hearing a person ac-

cused of a crime is held for action of a grand jury, that in a subsequent suit for malicious prosecution the action of the committing magistrate is a legitimate point to be considered by the jury on the question of whether the person instituting the criminal proceedings had probable cause for doing so.

*Judgment affirmed, with costs.*