Stanley WESTREICH, Appellant,

v.

Walter P. McFARLAND, Appellee.

No. 13907.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1970.

Decided July 31, 1970.

Moses Krislov, Cleveland, Ohio (John J. Prendergast and Pierce & Prendergast, Alexandria, Va., and Aaron F. Fodiman, Arlington, Va., on brief) for appellant.

William O. Bittman, Washington, D. C., (Hogan & Hartson, Washington, D. C., Henry St. John FitzGerald, and Tolbert, Lewis & FitzGerald, Arlington, Va., and Peter W. Tredick, Newark, N. J., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and RUSSELL, District Judge.

BUTZNER, Circuit Judge:

Stanley Westreich appeals from a judgment of the district court denying him recovery against Walter McFarland for malicious prosecution. The district judge, sitting without a jury, held McFarland was not liable because he acted with probable cause and without malice in prosecuting Westreich. We agree that Westreich's claim was properly denied under the law of Virginia, which governs this diversity action.

Westreich and McFarland along with their associates engaged in protracted litigation in New York over the ownership of apartments in Arlington, Virginia. Just before McFarland gained control of the properties, Westreich authorized long-term leases on unusually favorable terms for his friends, relatives, and employees. McFarland then sued Westreich and his associates in Virginia to cancel the leases. During this litigation, McFarland claimed Westreich committed perjury in a deposition. McFarland complained to the Commonwealth's Attorney, who told him that he could appear before the grand jury and present evidence that Westreich had violated the law. McFarland followed this course, and the grand jury returned two indictments. The first charged Westreich with perjury in his deposition for the civil action. The second charged Westreich and his associates with violating Va. Code Ann. § 18.1–74.1:1 (1968 Cum.Supp.) by conspiring to injure McFarland's business through the execution of the leases. The perjury indictment was later dismissed because Westreich's deposition was never filed. The conspiracy indictment was dismissed because the statute of limitations had run. This action for malicious prosecution followed.

■■ This appeal primarily turns on whether McFarland had probable cause to institute the prosecution.[1] Westreich insists that Virginia law required Mc-

---

1. In Virginia, the elements of malicious prosecution are:

 "(1) that the prosecution was set on foot by the now defendant and that it had terminated in a manner not unfavorable to the now plaintiff; (2) that it was instituted, or procured by the cooperation of the now defendant; (3) that it was without probable cause, and (4) that it was malicious."

 Wiggs v. Farmer, 205 Va. 149, 152, 135 S.E.2d 829, 831 (1964).

Farland to have a firm belief that Westreich was guilty of the crimes for which he was indicted. He complains that the district judge failed to apply this test of probable cause. We find no merit in Westreich's contention. A definition of probable cause similar to the one he suggests was rejected in Giant of Virginia, Inc. v. Pigg, 207 Va. 679, 684, 152 S.E.2d 271, 276 (1967). The district judge held that McFarland "had knowledge and information which would have reasonably induced the belief in the mind of an ordinarily prudent person that [Westreich] had committed certain acts and offenses which would amount to criminal offenses, and at the very least * * * [McFarland] believed that he had the right and duty to present it to the grand jury." The standard applied by the district judge conforms to the definition of probable cause that Virginia has approved,[2] and his findings of fact, which are based largely on uncontradicted evidence, are not clearly erroneous.

Moreover, the grand jury found indictments after considering McFarland's evidence, which was not false, fraudulent, or incomplete. In a number of jurisdictions this would settle the matter, for a majority of the states hold that an indictment is prima facie or presumptive evidence that probable cause existed for the prosecution. The burden is then on the plaintiff in the malicious prosecution action to bring forth evidence that the defendant obtained the indictment by fraudulently misrepresenting or withholding material facts.[3]

 Virginia has not expressly held that an indictment furnishes prima facie evidence of probable cause. Possibly this is because Virginia law, to encourage exposure of crime, places such a heavy burden on the plaintiff in a malicious prosecution suit that the presumption is unnecessary. Cf. Wiggs v. Farmer, 205 Va. 149, 152, 135 S.E.2d 829, 831 (1964). Thus, in an analogous situation the Supreme Court of Appeals said, "Whether the issuance of the warrant constitutes prima facie evidence of probable cause is an immaterial question, since the burden is always on the plaintiff to negative the existence of such * * *." Clinchfield Coal Corp. v. Redd, 123 Va. 420, 443, 96 S.E. 836, 843 (1918). However, in Virginia, as in other states that have not adopted the majority view, the fact that the plaintiff was indicted is, nevertheless, pertinent evidence tending to show probable cause. E.g., Virginia Ry. & Power Co. v. Klaff, 123 Va. 260, 266, 96 S.E. 244, 246 (1918); Perkins v. Spaulding, 182 Mass. 218, 65 N.E. 72 (1902); see 23 A.L.R.3d 748, 755 § 3 (1969). Here the entire record, including the fact that the grand jury returned indictments on McFarland's evidence, clearly establishes that Westreich failed to prove McFarland lacked probable cause.

Because proof that the prosecution was instituted without probable cause is an essential element of an action for malicious prosecution, it is not necessary to discuss Westreich's contention that the district judge erred in holding McFarland acted without malice, or to consider his other assignments of error. The parties had a complete and fair trial on the merits. The judgment of the district court is affirmed.

2. The Supreme Court of Appeals of Virginia has defined probable cause in various ways. See Freezer v. Miller, 163 Va. 180, 202, 176 S.E. 159, 167, 182 S.E. 250 (1934). The preferred definition appears to be, "Probable cause is knowledge of such a state of facts and circumstances as to excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." Giant of Virginia, Inc. v. Pigg, 207 Va. 679, 684, 152 S.E. 2d 271, 275 (1967); Scott v. Shelor, 69 Va. (28 Gratt.) 891, 905 (1877).

3. E.g., White v. Coleman, 277 F.Supp. 292 (D. S.C. 1967); Hopkinson v. Lehigh Valley R.R., 249 N.Y. 296, 164 N.E. 104 (1928); see generally 28 A.L.R.3d 748, 753 § 2, 758 § 4 (1969).