BOYD, Justice.
After Mary J. Rodgers gave a check for $5.14 to W. T. Grant Company, in payment for merchandise, she closed a special bank account on which the check was drawn and opened a new checking account at the same bank. When she discovered that the check had not cleared the old account she advised the Company. In turn, the store manager told Mrs. Rodgers that if her telephone number was on the check she would be notified when the check was returned so that payment could be made. Unknown to the Company, Mrs. Rodgers had unwittingly transposed two of the digits in her telephone number when writing it on the check. When the check was returned, another employee tried unsuccessfully to telephone Mrs. Rodgers and without attempting to reach her at the home address correctly written on the check, he complained under oath to Justice of the Peace Motes that she had knowingly issued a worthless check.
Process was served on Mrs. Rodgers by a Constable. At the same time, he advised her that she could dispose of the matter by paying the amount of the check and approximately $22.00 in court costs. Mrs. Rodgers returned to the store and offered to pay the amount of the check and any bank charges resulting from its return. After calling the office of the Justice of the Peace, the store manager advised Mrs. Rodgers that “they have informed me I cannot accept the money,” whereupon Mrs. Rodgers left cash in the amount of the check, plus $2.00 to cover bank costs, on the counter.
Justice of the Peace Motes was apprised of these facts by Mrs. Rodgers, and her attorney, at the preliminary hearing on the worthless check charge. Without instigation apparent from the record, the Justice of the Peace announced that the charges would be dismissed if Mrs. Rodgers would give the Company a release from liability. When Mrs. Rodgers’ attorney declined, the Justice of the Peace replied, “The court doesn’t want to put either side in jeopardy, for that matter, so we will bind this over to criminal court on a proper bond.” The State Attorney dismissed the charges without further proceedings.
In this action for malicious prosecution brought by Mrs. Rodgers and her husband against the Company, the trial court entered a summary final judgment in favor of the Company because the action of the Justice of the Peace in committing Mrs. Rodgers to criminal prosecution determined that “want of probable cause,” an element of malicious prosecution, did not exist. The trial court was following the rule of Galluc-ci v. Milavic,[1] where this Court held that a committal order gives rise to a presumption of probable cause, which may be rebutted by allegations and proof that the complainant secured the order by fraud or improper means. The presumption was unrebutted because the Rodgers’ complaint did not contain the necessary allegations. Although a motion for leave to amend was granted, the complaint was not amended.
The District Court of Appeal, First District, affirmed.[2] On rehearing the court noted that ordering Mrs. Rodgers bound over to criminal court is the type of conduct which fosters disrespect for the judicial process. Nevertheless, bound by the Gal- *513 lucci rule, the court reluctantly again affirmed the order of summary judgment. Because it felt its decision gives conclusive effect to a committal order which was an apparent instrumentality of injustice, the court certified the following question as one of great public interest:[3]
Does the committal order of a magistrate import probable cause to prosecute and thus bar a subsequent malicious prosecution action, notwithstanding that the motive for its entry was to bar that action?
The District Court urges that we reconsider the Gallucci rule. We do not think reconsideration is necessary because this case is not governed by Gallucci. It simply does not fit within the standard Gallucci situation, as shown by the following portion of the preliminary hearing transcript:
“THE COURT: In the interest of not letting something like this go on to Criminal Court, and it will cost everybody, — if she is willing to pay this check this court at this time will withdraw the charges on the check, if you want to do it that way.
“MR. GALANT: Well, she is willing to pay it, Your Honor. She has already paid it if they will take her money, and then I would like to have the charges dismissed.
“THE COURT: If the charges are dismissed, at that time are you willing to give her clearance to give this lady [Grant’s office manager] a release from any future—
“MR. GALANT: I don’t think we are prepared to do that at this time, Your Honor.
“THE COURT: If we can’t clear this up today, — I mean, the court’s interest in this thing was clearing the whole thing up today. If we can’t clear it up today, I am going to bind it over to Criminal Court.
“MR. GALANT: Well, Your Honor, this matter of a release is utterly immaterial to these proceedings and has nothing to do with it. I submit there’s absolutely no intention — there is obviously no intention on the part of this lady to have—
“THE COURT: The only way, Mr. Ga-lant, that we can take care of this now is with the complainant withdrawing the charge because the thing would have been taken care—
“MR. GALANT: She has already— “THE COURT: The court doesn’t want to put either side in jeopardy, for that matter, so we will bind this over to Criminal Court on a proper bond.”
It is clear the Magistrate did not order the committal because he found probable cause to exist. Therefore, this committal order does not bar the action for malicious prosecution and the summary judgment in favor of the Company should be reversed. Our holding that the action should not be barred by the committal order in this case effectively answers the certified question. The opinion of the District Court of Appeal, First District, is quashed and the cause remanded for trial for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, C. J., and ROBERTS, ENGLAND and SUNDBERG, JJ., concur.

. 100 So.2d 375 (Fla.1958).

. 326 So.2d 57 (Fla. 1st DCA 1975).

. We have jurisdiction. Art. V, § 3(b)(3), Fla.Const.