387 So.2d 552 (1980)
K-MART CORPORATION, Appellant,
v.
Gregory Davidson SELLARS, Appellee.
No. TT-15.
District Court of Appeal of Florida, First District.
September 10, 1980.
*553 Harold H. Catlin of Howell, Howell, Liles, Braddock & Milton, Jacksonville, for appellant.
Peter J. Fryefield of Allen, Margol, Fryefield & McCauglie and Roy Lewis, Jacksonville, for appellee.
McCORD, Judge.
Appellant was found liable for malicious prosecution and false arrest, the jury awarding $50,000 compensatory damages $150,000 punitive damages. On appeal, K-Mart raises two points: that the denial in the criminal trial of Sellars' motions for judgment of acquittal constituted findings of probable cause barring the malicious prosecution action, and that the facts did not justify punitive damages for the false arrest.
In May 1978, the assistant manager and security officer for K-Mart's Neptune Beach store suspected that Sellars, a Flowers Industries delivery man, was leaving less bread each morning than he billed to the store. They devised a plan whereby they took inventories before and after a particular delivery. Having thus determined that Sellars cheated K-Mart, the two detained him for arrest on a petit theft charge.
By subsequent agreement, K-Mart representatives said charges would be dropped and Sellars signed a release holding appellant harmless. The charges, however, were not dropped and Sellars stood trial. The trial judge twice denied motions for acquittal, but it took the jury only seven minutes to find appellee not guilty. He then filed this suit.
The assistant manager testified on cross-examination in the civil trial that the inventory figures used as the basis for the accusation against Sellars were inaccurate, that he knew them to be inaccurate at the time but did not so inform the prosecutor, and that he lied about the inventories during a deposition taken for the criminal proceedings.
Lack of probable cause is essential to a cause of action for malicious prosecution. S.H. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757 (1938). Appellant therefore argues that the denials of motions for judgment of acquittal should be equated to finding probable cause. K-Mart's argument is founded on an analogy to the rule of law set forth in Gallucci v. Milavic, 100 So.2d 375 (Fla. 1958). There the court held that when a justice of the peace binds a defendant over for trial, such action amounts to a determination of probable cause and bars a subsequent malicious prosecution claim.
*554 Even if we agreed with appellant's premise that such an analogy can be made, we would be constrained to affirm on the basis of the entire Gallucci rule and the facts of this case:
... the presence of probable cause was adjudicated when the justice of the peace held that the appellant should answer the charges. This ruling was not an absolute rule but it raised a presumption of the existence of probable cause which could have been overcome by proof that the appellee had resorted to fraud or other improper means in securing the committal... .
Gallucci, supra, at 377. Here, of course, there was evidence that K-Mart's agent used "fraud or other improper means" to force Sellars to go though the ordeal of an unjustified criminal trial.
Appellant's second point also lacks merit. K-Mart cites Powell, supra, 180 So., at 764, to the effect that because its agents did not use insulting language or violence in detaining Sellars, punitive damages could not lie. The examples of aggravating behavior listed in Powell are not exhaustive, however. Nor can appellant find solace from Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936), because that case involved honest mistakes by Winn & Lovett's employees. Here the assistant manager knew the inventories were inaccurate yet participated in appellee's detention. "A wrongful act without reasonable excuse is malicious within the legal meaning of the term." Farish v. Smoot, 58 So.2d 534, 538 (Fla. 1952).
AFFIRMED.
MILLS, C.J., and WENTWORTH, JJ., concur.