SHARP, Judge,
concurring specially in part and dissenting in part.
I am unable to read this controverted record as favorably to the appellees as the majority. There is a factual dispute in this record concerning the misrepresentation and fraud count against Crawford: whether Crawford’s investigator, McCamie, falsely told Crucet and Foutz that they had to have invoices for all goods lost, and that the insurance company would not pay for lost goods purchased with cash. This was apparently not a requirement of Great Central. Relying on this false information, Crucet and Foutz prepared and submitted invoices for items they purchased for cash, and they allegedly suffered damages. This count should not have been disposed of by summary judgment. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Haendel v. Paterno, 388 So.2d 235 (Fla. 5th DCA 1980).
However, I agree that summary judgment on the malicious prosecution and the abuse of process counts was properly entered on the authority of Gallucci v. Milavic, 100 So.2d 375 (Fla.1958), and Blue v. Weinstein, 381 So.2d 308 (Fla. 3d DCA 1980). The record establishes that a committing magistrate entered orders, based on affidavits and exhibits, that there was probable cause to bind over Crucet and Foutz for trial on the criminal charges. There are no counter-proofs that Crawford or Great Central resorted to fraud, concealment or other improper measures to induce the state to prosecute the criminal cases,[1] or that the orders binding Crucet and Foutz over for trial were not in fact findings of probable cause.[2] Once the presumption of probable cause to file the criminal suits arose by virtue of the entry of the probable cause orders, under Gallucci the appellants were obligated to overcome its effect with proofs sufficient to bar the summary judgment. Failing to do so, summary judgment was properly entered as a matter of law. See Glass v. Parrish, 51 So.2d 717 (Fla.1951).

. Compare Pinkerton v. Edwards, 425 So.2d 147 (Fla. 1st DCA 1983), and K-Mart Corp. v. Sellars, 387 So.2d 552 (Fla. 1st DCA 1980).

. See Rodgers v. W.T. Grant Co., 341 So.2d 511 (Fla.1977).