No. 85–8. McCommon v. Mississippi. Sup. Ct. Miss. Certiorari denied.

Justice Brennan, with whom Justice Marshall joins, dissenting.

It is well recognized that the Fourth Amendment "imposes substantive standards for searches and seizures; but with them one of the important safeguards it establishes is a procedure; and [that] central to this procedure is an independent control over the actions of officers effecting searches of private premises." *Abel* v. *United States*, 362 U. S. 217, 251–252 (1960) (Brennan, J., dissenting). Thus this Court has long insisted that the determination whether probable cause exists to support a search warrant be made by "a *neutral* and *detached* magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson* v. *United States*, 333 U. S. 10, 14 (1948) (emphasis added). See also *United States* v. *Leon*, 468 U. S. 897, 913–914 (1984); *Illinois* v. *Gates*, 462 U. S. 213, 240 (1983); *Lo–Ji Sales, Inc.* v. *New York*, 442 U. S. 319, 326–327 (1979); *United States* v. *Chadwick*, 433 U. S. 1, 9 (1977); *Shadwick* v. *City of Tampa*, 407 U. S. 345, 350 (1972); *Coolidge* v. *New Hampshire*, 403 U. S. 443, 450 (1971); *Aguilar* v. *Texas*, 378 U. S. 108, 111 (1964); *Giordenello* v. *United States*, 357 U. S. 480, 486 (1958); *United States* v. *Lefkowitz*, 285 U. S. 452, 464 (1932). Just two Terms ago in *United States* v. *Leon*, *supra*, the Court vigorously reaffirmed that the probable-cause decision must be made by a neutral and detached magistrate, stating that "the courts must . . . insist that the magistrate purport to 'perform his "neutral and detached" function and not serve merely as a rubber stamp for the police.'" *Id.*, at 914 (quoting *Aguilar* v. *Texas*, *supra*, at 111). And, as we explained in *Shadwick* v. *City of Tampa*, *supra*, at 350, "[w]hatever else neutrality and detach-

ment might entail, it is clear that they require severance and disengagement from activities of law enforcement." Today the Court refuses to act on its convictions, denying certiorari in a case in which the judge who issued the search warrant indisputably "rubber-stamped" the police request.

In this case, a large quantity of marijuana was discovered in the trunk of petitioner's automobile when it was searched pursuant to a warrant. Petitioner challenged the validity of the warrant at a pretrial suppression hearing, arguing that it was not supported by probable cause. The judge who granted the warrant testified at the hearing. With remarkable candor, he explained that he had relied principally on the fact that *police officers* had asked for the warrant, rather than on the underlying facts and circumstances set forth in the affidavit. The pertinent portion of the judge's testimony on cross-examination follows:

"Q. You would have issued [the search warrant even if a certain statement in the affidavit either had not been included or the judge had known it not to be true]?
"A. Certainly, because the officer—you've got to have enough faith and confidence in the officer that's asking for the search warrant to warrant it for him and then if it proves it's invalid, well, or whatever, there's nothing there what they're hunting—that's not the first time I ever made a Search Warrant.
"Q. So, you were relying on the fact that these officers were of the law—
"A. Of the law sworn—
"Q. —and they were in there—they were sworn officers—
"A. That's right.
"Q. —they were in there telling you that this fellow was a drug dealer and they wanted to search his car—
"A. That's exactly right.
"Q. —and you relied on that rather than any particulars of this thing?
"A. That's right.

.           .           .           .           .

"Q. So, you really issued the Search Warrant because you were asked for it by two sworn officers of law rather than any particular thing they told you?
"A. Well, I based my decision not primarily on that, but because—if Sheriff Jones walked in there and said, 'Judge,

I need a Search Warrant to search John Doe for Marijuana,' drugs or whatever—liquor or whatever it might be, I'm going to go on his word because he's—I take him to be an honest law enforcement officer and he needs help to get in to search these places and it's my duty to help him to fulfill that.

"Q. Okay.   And it's really based on the request other than any particular thing he might tell you?

"A. That's right.   That's right.

"Q. And that's what the situation was here?

"A. Well, if I didn't feel like it was warranted, now, then, naturally, I wouldn't issue it.

"Q. Okay, but . . . the swaying fact was that this was two sworn officers of the law rather than anything they told you in these Underlying Facts and Circumstances?

"A. That's right.   They were officers of the Narcotics."

The trial court rejected petitioner's arguments and admitted the evidence.   The Mississippi Supreme Court affirmed petitioner's conviction, holding both that the warrant was supported by probable cause and that the conduct of the judge who signed the warrant, although not a model of judicial deportment, had satisfied the constitutional requirements of detachment and neutrality. 467 So. 2d 940 (1985).

Respondent argues before this Court that even if the judge failed to evaluate the request for the warrant in a neutral and detached fashion, the warrant was nonetheless valid because it was, in fact, supported by probable cause.\*   This attempt to evade review of the judge's lack of independence should not succeed.   In

---

\*Relying on *Carroll* v. *United States*, 267 U. S. 132 (1925), *Chambers* v. *Maroney*, 399 U. S. 42 (1970), and *Texas* v. *White*, 423 U. S. 67 (1975), respondent also argues that the instant case involves an automobile search that is supported by probable cause and thus no search warrant was required. Apart from my view that automobile searches presenting no exigent circumstances should be fully subject to the Fourth Amendment's warrant requirement, see, *e. g.*, *United States* v. *Johns*, 469 U. S. 478, 488–489 (1985) (BRENNAN, J., joined by MARSHALL, J., dissenting); *United States* v. *Ross*, 456 U. S. 798, 836–837 (1982) (MARSHALL, J., joined by BRENNAN, J., dissenting); *South Dakota* v. *Opperman*, 428 U. S. 364, 384 (1976) (MARSHALL, J., joined by BRENNAN and Stewart, JJ., dissenting), respondent may not be heard to make this argument since it appears that it was not advanced below, see, *e. g.*, *Illinois* v. *Gates*, 462 U. S. 213, 221–224 (1983).

*Coolidge* v. *New Hampshire,* 403 U. S., at 450–451, we firmly rejected the argument that "the existence of probable cause renders noncompliance with the warrant procedure an irrelevance." Indeed, in *Coolidge* the Court declared that because the warrant was not issued by "the neutral and detached magistrate required by the Constitution, the search stands on no firmer ground than if there had been no warrant at all." *Id.,* at 453.

As the transcript of the suppression hearing clearly demonstrates, the judge who issued the warrant to search petitioner's automobile, although formally separate from law enforcement officials, viewed himself as a facilitator of police investigations and simply acquiesced in police requests, without giving serious and independent consideration to the facts set forth in supporting affidavits. The Court's failure to grant certiorari in this case suggests that our admonitions that probable cause must be determined by a neutral and detached magistrate are hollow pronouncements.

I find the Court's refusal to take this case particularly disturbing in light of the good-faith exception to the Fourth Amendment exclusionary rule created by *United States* v. *Leon,* 468 U. S. 897 (1984). In *Leon,* the Court held that physical evidence seized by police officers reasonably relying upon a warrant issued by a detached and neutral magistrate is admissible in the prosecution's case in chief, even though a reviewing court has subsequently determined that the warrant was defective or that the officers failed to demonstrate when applying for the warrant that there was probable cause to conduct the search. The Court justified its holding to a large extent on the special protective role that a neutral and detached magistrate plays in safeguarding the Fourth Amendment right against unreasonable searches and seizures, *id.,* at 913–917. In fact, the Court indicated that suppression of evidence is appropriate where "the magistrate [has] abandoned his detached and neutral role," *id.,* at 926. In my dissent, I warned that creation of a good-faith exception implicitly tells magistrates that they need not take much care in reviewing warrant applications, since their mistakes will have virtually no consequence, *id.,* at 956. Today the Court tacitly informs magistrates that not only need they not worry about mistakes, they also need no longer be neutral and detached in their review of supporting affidavits. The combined message of *Leon* and the Court's refusal to grant certiorari in this case is that the

police may rely on the magistrates and the magistrates may rely on the police. On whom may citizens rely to protect their Fourth Amendment rights?

I would grant certiorari and summarily reverse, or at least set the case for oral argument.