GEORGE W. LEWTON, APPELLANT, vs. J. M. HOWER, JR., APPELLEE.

1. In an action for malicious prosecution, when the facts are disputed, the question of probable cause in the prosecution about which the suit is brought is a mixed question of law and fact. It should not be submitted to the jury to determine the whole question. The court should determine the law, and direct the jury to find the facts in the case,

2. In the case at bar the court having given the jury a definition of probable cause, instructed them as follows: "Both the ques-

tions of probable cause and malice * * are questions for the jury to determine and find from the evidence:" *Held*, That this instruction was not erroneous as submitting to the jury both the law and the facts of the case.

3. It is not error for a trial court to refuse to give the jury an instruction requested by one of the parties to a suit, when there is no evidence in the case to which the instruction would be applicable.

4. Two elements are necessary to sustain a suit for malicious prosecution: (1) malice in the prosecutor, and (2), a want of probable cause for the prosecution. The fact that there was a committal or binding over under the prosecution alleged to be malicious is an important matter of defense, but such committal or binding over does not negative the alleged malice of the prosecutor, but only the want of probable cause.

5. A committal or binding over under a prosecution for a criminal offense is not an adjudication upon the motive of the prosecutor, but only a determination that probable cause exists to hold the person prosecuted.

6. It was not error in the trial court to refuse to give the following instruction to the jury, to-wit: "The action of the U. S. Commissioner in finding sufficient cause from the evidence introduced before and considered by him as sufficient to bind the then defendant over to appear at the trial court, to that extent contradicts the charge of malice in the prosecution in preferring the charge, unless it is shown that he used illegal practices to procure testimony or to influence the Commissioner in his action in that cause."

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the Court.

*J. F. Welborn* and *John W. Price* for Appellant.

Alex St. Clair Abrams for Appellee.

LIDDON, J.:

The case in the court below was a suit for malicious prosecution. The appellee was the plaintiff, and the appellant was the defendant. This case has been before this court before (18 Fla. 328), where the declaration is set out it full. On the trial plaintiff recovered judgment, from which the defendant appealed.

The only assignments of error that are argued by the counsel for the appellant relate to instructions given by the judge to the jury, and to his refusal to give other instructions which were requested by the appellant. In accordance with our rule we consider only the assignments which are argued. One of the instructions given by the Circuit Judge was as follows: "Both the questions of probable cause and malice, as well as the questions of the prosecution by the defendant and its termination in acquittal or discharge of the plaintiff, are questions for the jury to determine and find from the evidence." The objection urged against this instruction is, that the question of probable cause is one of law, or sometimes a mixed one of law and fact, but never a question of fact alone. It is contended that the Circuit Court, by this instruction, declared that probable cause was a question of fact for the jury to determine, or has constitutued the jury the judges of the law as well as the triers of the facts in the case. If this charge had stood alone, and was considered upon its individual merits without reference to other portions of the charge of the court, it would undoubtedly be obnoxious to the objection made, and erroneous. It would be a practical direction to the jury to find the facts in the case, make their own definition of probable cause, and thus determine the facts and legal effect. We have been unable to find any authority which holds that

the question of probable cause in an action of this kind is one of fact, and to be determined by a jury. Some authorities maintain that the question of probable cause is wholly one of law, and for the court to determine. These cases all say that the question, whether the facts as found by the jury constitute probable cause, should be determined by the court, and not by the jury. Eastin vs. Bank of Stockton, 66 Cal. 123, S. C. 56 Am. Rep., 77; Ball vs. Rawles, 93 Cal. 222; Landa vs. Obert, 45 Texas, 539; Bulkeley vs. Smith, 2 Duer, 261; Panton vs. Williams, 2 Ad. & E. (n. s.), 169; Thompson on Trials, sec. 1613. The great and overwhelming weight of authority is that probable cause is a mixed question of law and of fact. Among other cases and text-books so holding are Greenwade vs. Mills, 31 Miss. 464; Nash vs. Orr, 3 Brevard, 94, S. C. 5 Am. Dec. 547; Besson vs. Southard, 10 N. Y. (6 Selden), 236; Pangburn vs. Bull, 1 Wend. 345; Schofield vs. Ferrers, 47 Penn. St. 194; McCormick vs. Sissons, 7 Cowen, 715; Fagnan vs. Knox, 66 N. Y. 525; Johnstone vs. Sutton, 1 Term, 510, 545, S. C. 1 Revised Rep. 269, 291; Humphries vs. Parker, 52 Maine, 502; Sartwell vs. Parker, 141 Mass. 405; Munns vs. Dupont, 3 Wash. (C. C.) 31; Ramsey vs. Arrott, 64 Texas, 236; Heyne vs. Blair, 62 N. Y. 19; Lytton vs. Baird, 95 Ind. 349; Ash vs. Marlow, 20 Ohio, 119; McNulty vs. Walker, 64 Miss. 198; 2 Greenleaf on Evidence (15th ed.), sec. 454 and authorities cited; 14 Am. & Eng. Ency. of Law, p. 49 *et seq.* and notes; Sharpe vs. Johnston, 59 Mo. 557; Womack vs. Circle, 29 Gratt. 192. It is the general principle, deducible from these authorities, that when the facts are undisputed, as upon demurrer, or are admitted or not disputed at the trial, the question is one of law, and the court declares the legal effect of such facts. When the facts are controverted,

then the question becomes a mixed question of law and fact. It should not be submitted to the jury to determine the whole question. The court, confining itself to its proper sphere, should decide the law, and confining the jury to its proper sphere, should direct them to find only the facts of the case. *Ad questionem facti non respondent judices ad questionem legis non respondent juratores.* We do not think the charge subject to the objection made, for the reason that the court had also charged the jury as follows: "Probable cause for a criminal prosecution is understood to be such conduct on the part of the accused as may induce the jury to infer that the prosecution was undertaken for public motives." The court had given a definition of probable cause; had told the jury what constituted probable cause in the eyes of the law. The charge complained of therefore only directed the jury to find from the facts in the case whether there was such probable cause, within the meaning of the definition laid down by the court. The definition was not the fullest and most complete which might have been given, yet it was one approved by courts of great respectability. Ulmer vs. Leland, 1 Greenleaf, 135, S. C., 10 Am. Dec. 48; Cases cited in note to Bell vs. Graham, 9 Am. Dec., 691; Bitting vs. Ten Eyck, 82 Ind. 421, S. C. 42 Am. Rep., 505. While the definition given is not perhaps the best and most accurate known to the law, yet no valid exception was taken to it in the court below; no better definition was proposed in its stead, and in this court no assignment of error is besed upon it, and no argument made to demonstrate its incorrectness. If defendant was dissatisfied with the definition given, it was his duty to have proposep a better definition. The court having defined what constituted probable cause, the charge is not open to

the objection made, that the court thereby constitued the jury, the judges of the law and the facts.

The defendant asked the court to charge the jury as follows: "That where a party before commencing suit or making a complaint takes competent legal advice on a full, complete and correct statement of the material facts known to him, or that he had reason to believe existed, and acted honestly upon it, believing he had a cause of action, it is a defense to an action of malicious prosecution." We do not think the refusal of the court to give this instruction was error, for the principal reason, that there was no evidence to which it was applicable. The malicious prosecution complained of was one for perjury. The perjury was alleged to have been made in making final proof to perfect the homestead entry of public lands of the United States. At the time of making a statement to counsel, Lewton, the defendant, had never seen the deposition supposed to have been made by Hower, the plaintiff. It does not appear that he had any information as to the contents of such depositions. He simply knew and only informed his counsel that he had been informed, that final proof had been made by Hower. His counsel in turn informed him that in order to make such final proof certain matters must be sworn to, as to residence, cultivation and non-alienation of the homestead land. Then Lewton comes to the conclusion that if such things were sworn to, that they were false. No effort whatever was made to see or to get a copy of the deposition, which was on file in the public land offices of the United States. No facts at all as to what was contained in the deposition was stated to the counsel. The bare fact of formation that final proof had been made, was all that was stated by Lewton. From this statement the coun-

sel, from his knowledge of the requirements of the law as to such final proof, supposed that certain matters must have been stated therein, and Lewton, the defendant, then informed counsel that if such statements were included in the final proof, that they were false.    Upon this conjectural and suppositious statement of facts the advice of counsel was obtained to the effect that a criminal prosecution for perjury would lie against the plaintiff, Hower.    We do not think the statement was a full, complete and correct statement of all the facts known to Lewton.    He knew nothing; he stated nothing to counsel except that he was informed Hower had made final proof.    He had not seen the deposition; he did not know what it contained. The hypothetical statements made by Lewton to his counsel did not justify any charge from which the jury might infer that there was testimony in the case tending to show that legal advice had been given upon "a full, complete and correct statemet of the material facts."

The next alleged error argued is that the court below erred in refusing to instruct the jury upon request of defendant as follows:    "The action of the U. S. Commissioner in finding sufficient cause from the evidence introduced before and considered by him as sufficient to bind the then defendant over to appear at the trial court, to that extent contradicts the charge of malice in the prosecution in preferring the charge, unless it is shown that he used illegal practices to procure testimony, or to influence the Commissioner in his action in that cause."    The charge requested was not strictly correct, and it was not error to refuse it.    Two elements are necessary to sustain a suit for malicious prosecution:    (1) malice in the prosecutor, and (2) a want of probable cause for the prosecution.    The fact that

there was a committal or binding over, under the prosecution alleged to be malicious, is an important matter of defense, but such conviction or binding over does not negative the alleged malice of the prosecutor, but only the want of probable cause. One might be inspired by malice to prosecute a guilty person. The committal or binding over is not an adjudication upon the motive of the prosecutor, but only a determination that there was probable cause to hold the prosecuted. The charge requested shows that the Commissioner did not find that there was no malice in the prosecution, but that the evidence introduced before and considered by him was sufficient to bind the then defendant to appear, etc. This disposes of the errors argued.

The judgment of the Circuit Court is affirmed.

35   65
41   90

35   65
043  131

35   65
48   113

35    65
56   356
f56  454