**C. BARCLAY WARD v. O. A. ALLEN**

11 So. (2nd) 193                                                June Term, 1942
December 18, 1942                                               Division B
Rehearing Denied January 20, 1943

*W. K. Zewadski* and *Wm. C. Pierce,* for appellant.

*W. Kenneth Barnes,* for appellee.

THOMAS, J.:

At the conclusion of the introduction of plaintiff's testimony and of certain evidence filed by stipulation a motion of the defendant for a directed verdict was granted. From the consequent judgment appeal was taken.

The action was one for malicious prosecution of the plaintiff on a charge of arson. It was established by the testimony that the defendant, then sheriff, filed an affidavit before the county judge setting out that the plaintiff "did wilfully and maliciously burn in the night time a certain building erected for public use, to-wit: a certain bath house and dance hall, the property of one E. F. Flicker." A warrant was thereupon issued for the arrest of the plaintiff and he was on

the same day apprehended by the defendant. Later the state attorney filed an information against the plaintiff who was tried and acquitted by the jury.

To succeed in his suit it was plaintiff's burden to prove: (1) the instigation of the criminal proceeding by the defendant; (2) its termination in favor of the plaintiff; (3) the exercise of malice by the defendant; (4) want of probable cause for the prosecution; and (5) damage. Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878. As we understand our former decision these elements must concur and the failure to establish any one of them by a preponderance of the evidence would be good ground for the granting of a motion for a verdict favoring the defendant.

Without question the prosecution was prompted by the defendant and, too, there can be no doubt of plaintiff's acquittal. The affidavit of the sheriff, the warrant based on it and the verdict were filed by agreement of counsel. There was sufficient evidence of malice on the part of the defendant and damage to the plaintiff to have withstood the motion so far as those esesntial elements were concerned.

One of the ingreadients necessary to a recovery in a claim of this character, however, was not established, namely, the lack of probable cause to justify the charge and trial. It was definitely shown that the prosecuting officer filed his information bearing the usual affidavit "that the allegations as set forth . . . [were] based upon facts that [had] been sworn to as true and which if true [constituted] the offense . . . charged."

We have read carefully all of the testimony in the case and have failed to find in it proof that there was lack of probable cause for the issuance of a warrant by the county judge commanding the arrest of the plaintiff or for the filing of an information by the state attorney charging him with the commission of arson.

It is true that a prosecution inspired by malice would take the same course and that the facts that an official issued a warrant and another official instituted the criminal proceeding would not, in themselves, show that there was probable cause to charge a person with the commission of crime. When one who has had the embarrassing experience of being

tried for an offense against the criminal statutes undertakes to show that his plight was chargeable to the malice of another it is incumbent upon him, before he can recover damages, to prove by a preponderance of the evidence, not only the malice, but also the want of probable cause. He cannot rely upon the verdict of acquittal or upon a showing of malice to supply proof that there was no just reason to charge him with the crime. Malice is not synonymous with want of probable cause, White v. Miami Home Milk Producers Assn., 143 Fla. 518, 197 So. 125, although the former may be inferred from the latter. The converse is not true, that is, want of probable cause cannot be inferred from malice, Duval Jewelry Co. v. Smith, supra, because "one might be inspired by malice to prosecute a guilty person." Lewton v. Hower, 35 Fla. 58, 16 So. 616.

Gravamen of an action of this kind is absence of probable cause and, to repeat, it is the burden of the planitiff to prove it. His acquittal could not be relied upon to establish this indispensable element of the claim for damages for malicious prosecution. One reason for this statement is that a criminal charge may be based on probable cause while a conviction of the person accused cannot be obtained unless he be found guilty beyond a reasonable doubt. Another reason is the discouraging effect it would have on officers of the law if they were presumed to have acted without probable cause, hence had become liable for damages, in cases where they instituted prosecutions eventually resulting in acquittals. 34 Am. Jur., Malicious Prosecution, pp. 740.

We might add that the malice alleged was not negatived by the acts of the officials in executing the warrant and information. Although the proof of the issuance of the warrant and the filing of the information did not conclusively establish the presence of probable cause that evidence did tend to refute the absence of it. Lewton v. Hower, supra.

We have found no reason to disturb the action of the trial court in granting a motion for instructed verdict and entering judgment.

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, JJ., concur.

TERRELL, and CHAPMAN, JJ., dissent.