419 So.2d 717 (1982)
W.D. LEE, Individually, and City of Jacksonville, a Municipal Corporation, Appellants,
v.
Ralph P. GEIGER, Appellee.
No. AG-306.
District Court of Appeal of Florida, First District.
September 14, 1982.
Rehearing Denied October 6, 1982.
*718 Dawson A. McQuaig, Gen. Counsel, William Lee Allen, and Grady W. Martin, Asst. Counsels, Jacksonville, for appellants.
Fred T. Stapp of Williams & Stapp, Jacksonville, for appellee.
THOMPSON, Judge.
This is an appeal from a judgment entered upon a jury verdict for malicious prosecution and false imprisonment. The appellants, defendants below, contend that the trial judge erred in failing to direct a verdict for them at the close of all the evidence in both the malicious prosecution and false arrest actions. We agree and reverse.
The appellee was arrested by appellant, Detective Lee of the Jacksonville Sheriff's Office, and was subsequently charged by information with burglary and attempted sexual battery.
Appellee then filed a complaint against Detective Lee and the City of Jacksonville (the City) for malicious prosecution and false imprisonment, alleging that Lee and the City failed to properly investigate the charge and arrested appellee without probable cause.
The alleged victim of the attempted sexual battery was a 15-year-old who was living at home with her mother at the time of the incident. She testified that she woke up about 3:00 a.m. when she realized there was a man lying on top of her and fondling her breasts. She stated that the episode took five minutes at the most and that she was hysterical. Although she never saw the assailant's face, she recognized the man's voice as being that of the appellee. She had previously worked as a babysitter for appellee and had gone to his place of business once. She was very certain about the voice identification.
*719 The police were called and an investigation and report were made by the investigating police officer. Two days later when Detective Lee went to the alleged victim's house, she made an absolute identification of the appellee as being the person in her bedroom. The next day Detective Lee arrested appellee and placed him in jail. The following day the appellee appeared before Judge Giles P. Lewis at a hearing for a determination of probable cause. On January 10, 1979, Judge Lewis entered an order finding that there was probable cause to detain the appellee pending further proceedings. The charges against appellee were dropped when the victim later found out she was pregnant by her boyfriend and apparently refused to testify.
Appellee contends there are a number of things which Detective Lee could have done and should have done, including investigating his alibi and accepting his offer to take a polygraph test which would have shown no probable cause to arrest or detain. Although appellee offered an alibi for his whereabouts at 3:00 a.m., the arrest report reflected the assault took place at 4:00 a.m. Detective Lee admitted appellee volunteered to take a polygraph examination but said that he gave appellee his card and told appellee to call him when he was ready to take the examination but never heard from him. It is obvious from the record in this case that the investigation performed was not a textbook example of proper investigation of a crime. However, an imperfect criminal investigation is not a sufficient basis for a recovery in a malicious prosecution or false arrest action. In a malicious prosecution action, a party must show an absence of probable cause for the prosecution before he is entitled to recover. See K-Mart Corp. v. Sellars, 387 So.2d 552 (Fla. 1st DCA 1980). In a false arrest action, the defendant must establish the presence of probable cause. See Toomey v. Tolin, 311 So.2d 678 (Fla. 4th DCA 1975), cert. dismissed, 336 So.2d 604 (Fla. 1976). It is not necessary that the arresting officer know facts that would absolutely prove beyond a reasonable doubt the guilt of the person charged. Probable cause is much less than that. Probable cause exists when the circumstances are sufficient to cause a reasonably cautious person to believe that the person accused is guilty of the offense charged. See Shriner v. State, 386 So.2d 525 (Fla. 1980), cert. denied, 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 829 (1981). In many, if not most, sexual battery or sexual assault cases the victim is the sole witness as to the identity of her attacker and as to the facts and circumstances of the assault. The facts as furnished both the investigating officer and Detective Lee by the victim in this case were the same and the identification was the same. Based on these facts and identification a magistrate made a finding that probable cause to detain the appellee existed. Although this was a nonadversary proceeding, Fla.R.Crim.P. 3.131 provides for nonadversary proceedings to determine if probable cause for detention exists. Investigation or police procedure can be so inadequate as to constitute lack of probable cause. See generally Garris v. Rowland, 678 F.2d 1264 (5th Cir.1982). However, the facts in this case show that at most Detective Lee was guilty of poor judgment in conducting his investigation and that such action does not constitute legal malice. It is not even contended that Detective Lee acted with ill motive or actual malice.
For the foregoing reasons, we hold that there was probable cause for the arrest and subsequent charges. The appellants' motions for directed verdict should therefore have been granted.
REVERSED.
LARRY G. SMITH and JOANOS, JJ., concur.