425 So.2d 147 (1983)
Sherry Lynn PINKERTON, Appellant,
v.
Robert B. EDWARDS and Frankie Mills, Sheriff of Okaloosa County, Florida, Appellees.
No. AL-78.
District Court of Appeal of Florida, First District.
January 4, 1983.
Rehearing Denied February 8, 1983.
*148 Woodburn S. Wesley, Jr. of Cotton, Wesley & Poche, Shalimar, for appellant.
Julius F. Parker, Jr. of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for appellees.
SHAW, Judge.
The issue on appeal is whether the denial of a motion for a judgment of acquittal at the conclusion of the State's case creates a presumption of probable cause so as to bar a later action for malicious prosecution. We hold that it does not.
Appellant Pinkerton was arrested and jailed by appellee Deputy Sheriff Edwards. The State Attorney filed a one-count information against Pinkerton charging her with battery on a law enforcement officer. After the conclusion of the State's case, the trial judge denied Pinkerton's motion for a judgment of acquittal. The jury returned a verdict of not guilty. Thereafter, appellant filed a four-count civil complaint against appellees alleging: (1) false arrest, (2) false imprisonment, (3) assault and battery, and (4) malicious prosecution. Upon motion of appellees for a summary judgment, the trial court, relying on Gallucci v. Milavic, 100 So.2d 375 (Fla. 1958), granted a summary judgment as to counts 1, 2, and 4 on the ground that the denial of appellant's motion for a judgment of acquittal at her criminal trial constituted a finding of probable cause. We disagree and reverse.
In Gallucci, a justice of the peace held a hearing to determine probable cause for prosecution at which evidence was received from the complainant. The accused appeared at the hearing but chose to remain silent and was bound over for trial. During trial a defense motion for a directed verdict of not guilty was granted. A civil suit for malicious prosecution ensued. On review, the Florida Supreme Court held that the ruling of the justice of the peace that the accused should be held for trial raised a presumption of probable cause which could have been overcome by proof that the complainant had resorted to fraud or other improper means in securing the criminal charge. We have found no dispositive case law which clearly accepts or rejects the analogy between the presumption of probable cause in Gallucci and such a presumption in the denial of a motion for a judgment of acquittal, although K-Mart Corp. v. Sellars, 387 So.2d 552 (Fla. 1st DCA 1980), suggests that such an analogy is invalid.[1] In analyzing Gallucci, however, we *149 consider it significant that the accused appeared at the hearing specifically set for the purpose of determining probable cause and was given an opportunity to testify or present evidence that probable cause did not exist. This significance is reinforced by our sister court's holding in Johnson v. Strickland, 300 So.2d 50 (Fla.3d DCA 1974) wherein the court recognized the fine line to be drawn between an inquiry into probable cause and the determination of disputed fact, but held that it was error to deny an accused the right to present testimony for the purpose of showing there was no probable cause. In reaching this decision the court relied on Ex Parte Fortune, 126 Fla. 539, 171 So. 310, 312 (Fla. 1936) where it was held to be error to hold an accused over for trial when it was "affirmatively made to appear that if a trial were duly had of the cause, the trial judge would be compelled to direct a verdict of acquittal... ." Thus, as we read these cases, because a Gallucci probable cause hearing permits both parties to present evidence on the issue of probable cause and to have the evidence considered by a neutral and disinterested magistrate, a finding of probable cause by the magistrate creates a presumption of probable cause which serves to shield the original accuser from a suit for malicious prosecution, absent a showing of fraud or other improper behavior by the accuser. In effect, the probable cause hearing acts to transfer the responsibility for the prosecution from the accuser to the neutral and disinterested magistrate.
The entry of a motion for a judgment of acquittal in accordance with Florida Rule of Criminal Procedure 3.380 is a common trial tactic which serves to test the legal sufficiency of the State's case as to each element of the charged offense and to preserve the issue for appeal. It also provides the trial court with a procedural device to withdraw the case from the jury, thereby saving the time and expense of a lengthy jury determination, in those cases where the State has failed to adduce competent evidence on one or more essential elements of the charged offense upon which the jury could reasonably reach a finding of guilt. Cunningham v. State, 385 So.2d 721 (Fla.3d DCA 1980); Sheehan v. Allred, 146 So.2d 760 (Fla. 1st DCA 1962). In contrast to a hearing where a neutral and disinterested magistrate makes an independent determination of probable cause based on the evidence before him, a trial judge considering a motion for judgment of acquittal is severely constrained as a matter of law from infringing on the responsibilities of the jury. As the court summarized it in Lynch v. State, 293 So.2d 44, 45-46 (Fla. 1974) (cites omitted):
A defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. The courts should not grant a motion for acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the Court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge. The credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal.
Probable cause has been defined "as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief, that the person accused is guilty of the offense charged." 24 Fla.Jur.2d 556, False Imprisonment, § 21 (1981) (footnote omitted). While the evidence supporting probable cause may overlap with the evidence establishing legal sufficiency of proof, the tests applied are not the same. *150 Indeed, the question of probable cause is not presented to either the trial judge considering a motion for a judgment of acquittal or the jury considering the issue of guilt. Thus, although a favorable termination in a prior criminal proceeding is an essential element in a suit for malicious prosecution, an acquittal in a prior criminal proceeding cannot be relied on to establish a lack of probable cause. Ward v. Allen, 152 Fla. 82, 11 So.2d 193 (1942). Further, the role of the magistrate conducting a probable cause hearing is unlike the role of the trial judge considering a motion for judgment of acquittal. Certainly, for example, a (cautious man) magistrate conducting a probable cause hearing is not obliged to accept all facts adduced and every conclusion drawn therefrom favorable to the State, nor is he precluded from evaluating the probative value and credibility of witnesses and weighing evidence adduced by the accused, Lynch. If the magistrate were so obliged, then a binding over for trial would not reflect an independent probable cause determination and would be inconsistent with the constitutional role of a neutral and detached magistrate.
In sum, in our view, a motion for a judgment of acquittal does not present the issue of lack of probable cause. Further, the posture of the case at that juncture constrains the judge from making an objective and impartial probable cause determination, and a denial of the motion does not reflect a finding of probable cause. It reflects only a determination that the state has legally sufficient evidence to present a jury question.
Appellees also urge on appeal that appellant was released on her own recognizance by a county judge present in the jail at the time of her release and that this constituted a finding of probable cause. We see nothing in the record to support the notion that the county judge conducted a probable cause hearing or that he entered an order finding probable cause.
REVERSED and REMANDED for reinstatement of counts one, two, and four.
LARRY G. SMITH, J., specially concurs with opinion.
JOANOS, J., dissents with written opinion.
LARRY G. SMITH, Judge, specially concurring with opinion.
I concur in the result and with much of the discussion contained in Judge Shaw's opinion. I agree that the denial of a motion for judgment of acquittal does not create a presumption of "probable cause" in favor of the complaining party who is later sued for malicious prosecution, but for different reasons than Judge Shaw has stated.
In a criminal case, at the preliminary hearing "probable cause" stage, if the evidence satisfies the judicial officer, then we can say that the complainant was presumably justified in making the criminal accusation that started the prosecution. This is essentially the holding of Gallucci v. Milavic, cited in Judge Shaw's opinion.
By contrast, the evidence available to and adduced by the State at the criminal trial may go far beyond that available to the accusing party at the time the criminal charge was made, or beyond that available to the State at the time of the preliminary probable cause hearing. For example, a criminal charge instituted upon less than probable cause could later develop into a sufficient case against the accused by virtue of the testimony of an accomplice who turns "State's evidence."[1]
Because of the temporal separation between the two events, i.e., the probable cause hearing, and the point at which a motion for judgment of acquittal may be made at the criminal trial, the evidence available at the probable cause hearing may bear little resemblance to the evidence presented by the State at the trial. I can agree with Judge Joanos that if the evidence at the criminal trial is sufficient to deny a motion for judgment of acquittal, then the evidence would also have to be deemed sufficient for a finding of "probable *151 cause."[2] However, the difficulty I have with Judge Joanos' position is that the issue is not whether probable cause exists at the conclusion of the State's case, but rather, whether probable cause existed at the time the accusing party commenced the prosecution. It seems to me that since it does not follow that the evidence possessed by the accusing party is necessarily the same as that adduced by the State at the criminal trial, I don't think the application of a presumption in favor of the accusing party can be based upon the state of affairs as they appear at the conclusion of the State's case in the criminal trial.
For the above reasons, I would concur in reversal of the trial judge's ruling.
JOANOS, Judge, dissenting.
I agree with the Circuit Court's determination that under the circumstances of this case, the denial of the motion for directed verdict and the submission of the criminal proceeding to the jury was the functional equivalent of a determination of probable cause that an offense had been committed. Therefore, pursuant to Gallucci v. Milavic, 100 So.2d 375 (Fla. 1958), the order appealed from should be affirmed.
NOTES
[1] In Sellars, the appellant argued that a denial of a motion for judgment of acquittal should be equated to finding probable cause based on an analogy to the rule of law set forth in Gallucci. This Court responded:

Even if we agreed with appellant's premises that such an analogy can be made, we would be constrained to affirm on the basis of the entire Gallucci rule and the facts of this case:
... the presence of probable cause was adjudicated when the justice of the peace held that the appellant should answer the charges. This ruling was not an absolute rule but it raised a presumption of the existence of probable cause which could have been overcome by proof that the appellee had resorted to fraud or other improper means in securing the committal ...
Gallucci, supra, at 377. Here, of course, there was evidence that K-Mart's agent used "fraud or other improper means" to force Sellars to go through the ordeal of an unjustified criminal trial.
Id. at 554.
[1] By "sufficient case" I mean sufficient to go to the jury. Of course, the jury may then reject the evidence, and the accused may be acquitted.
[2] Even though the evidence may satisfy "probable cause" in the trial judge's view, the jury may not be convinced beyond a reasonable doubt, and may acquit, furnishing one of the essential elements for the malicious prosecution action. See footnote 1.