469 So.2d 806 (1985)
James R. BURNS, Appellant,
v.
GCC BEVERAGES, INC., a Florida Corporation, d/b/a Pepsi-Cola Bottlers of Jacksonville, Appellee.
No. AZ-83.
District Court of Appeal of Florida, First District.
April 11, 1985.
Rehearing Denied June 12, 1985.
Gerald S. Bettman and Jack W. Bettman, Jacksonville, for appellant.
Floyd L. Matthews, Jr. and Jerry J. Waxman, of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
Before ERVIN, C.J., and MILLS, BOOTH, LARRY G. SMITH, SHIVERS, WENTWORTH, JOANOS, THOMPSON, WIGGINTON, NIMMONS, ZEHMER and BARFIELD, JJ.

*807 EN BANC OPINION
WIGGINTON, Judge.
This appeal is from the trial court's order granting summary judgment in favor of appellee, the defendant in a malicious prosecution action. The trial court found that appellant's arrest warrant issued by a judge raised a presumption of the existence of probable cause which was not overcome by proof of fraud or other improper means in securing the committal. After reviewing the merits of this cause, the original panel assigned to the appeal moved for en banc consideration. A majority of the court determined to order en banc consideration so that uniformity in the court's opinions may be maintained. Fla.R.App.P. 9.331(a). The parties were invited to submit briefs on this issue. Upon careful consideration of the entire cause and of the supplemental briefs, we affirm the challenged order of the trial court.
The trial court's ruling was based on the seminal case of Gallucci v. Milavic, 100 So.2d 375 (Fla. 1958). In 1978, the supreme court characterized its decision in Gallucci as holding that "in a malicious prosecution suit a presumption arises from a magistrate's finding of probable cause which is conclusive, absent fraud or other corrupt means employed by the person initiating the prosecution." See Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181, 1184 (Fla. 1978) (emphasis in original).
In the instant case, appellee, appellant's employer, suspecting appellant of theft of company receipts, reported the matter to the police. With the information relayed to him by appellee, and with information gleaned from interviews, the investigating officer appeared before a county judge and swore under oath that he believed appellant had committed the crime of grand theft. Based upon the officer's affidavit, the judge found and certified that there existed probable cause to believe appellant had committed the offense alleged. On the basis of that judicial finding of probable cause, the judge issued a warrant for appellant's arrest. Appellant was thereafter arrested, tried, and found by a jury to be not guilty. Appellant then filed the instant suit alleging malicious prosecution.
In challenging the court's entry of summary judgment, appellant argues that the Gallucci rule does not apply, and for that contention relies on our decision in Pinkerton v. Edwards, 425 So.2d 147 (Fla. 1st DCA 1983). In Pinkerton we found significant to the Gallucci holding the fact that the accused had appeared at the probable cause hearing, held for the purpose of determining whether he should be bound over for trial, and was given the opportunity to testify or present evidence that probable cause did not exist.[1] Thus, we held:
[B]ecause a Gallucci probable cause hearing permits both parties to present evidence on the issue of probable cause and to have the evidence considered by a neutral and disinterested magistrate, a finding of probable cause by the magistrate creates a presumption of probable cause which serves to shield the original accuser from a suit for malicious prosecution, absent a showing of fraud or other improper behavior by the accuser. In effect, the probable cause hearing acts to transfer the responsibility for the prosecution from the accuser to the neutral and disinterested magistrate.
425 So.2d at 149 (emphasis added).
In Pinkerton the issue was whether the denial of a motion for a judgment of acquittal at the conclusion of the state's case created a presumption of probable cause so as to bar a later action for malicious prosecution. Based on the foregoing analysis of Gallucci, we held that it did not, observing that the question of probable cause was not presented to either the trial judge considering *808 the motion for a judgment of acquittal or the jury considering the issue of guilt.[2]
Absent from our Pinkerton opinion, however, is a discussion of Colonial Stores, Inc. v. Scarbrough, in which, as we have noted earlier, the supreme court restated their Gallucci rule. In so doing, though, the supreme court did not emphasize the adversarial nature of the Gallucci probable cause hearing. Instead, it appeared to concentrate solely on the significance of a "disinterested" magistrate's determination of probable cause. 355 So.2d at 1185. Indeed, in reviewing Gallucci, we note that what the supreme court found to be "significant" was the fact that during the probable cause hearing the defendant remained silent. Gallucci v. Milavic, 100 So.2d at 377. And, in summarizing its holding the court simply concluded that "probable cause was presumed from the official action." Id., at 378.
Based on our analysis of the Gallucci and Scarbrough decisions, we find it necessary to recede from any indication given in Pinkerton that the Gallucci presumption is predicated on the adversarial nature of the probable cause hearing. We now hold that it is the circumstance of having a neutral and detached magistrate determine the existence of probable cause, and not the presence of the accused at the hearing, which legitimizes the presumption.
Lending credence to our conclusion is Florida Rule of Criminal Procedure 3.133, which authorizes nonadversary proceedings in which to determine probable cause for the detention of a defendant. Significantly, subparagraph (a)(1) provides that
... this proceeding shall not be required when a probable cause determination has been previously made by a magistrate and an arrest warrant issued for the specific offense for which the defendant is charged. (Emphasis added).
Moreover, subparagraph (3) states that in determining probable cause to detain the defendant, "the magistrate shall apply the standard for issuance of an arrest warrant." Finally, rule 3.120 provides:
Each state and county judge is a committing magistrate and may issue a summons to, or a warrant for the arrest of, a person against whom a complaint is made in writing and sworn to before a person authorized to administer oaths, when the complaint states facts which show that such person violated a criminal law of this state... .
These rules have clearly elevated the dignity of a magistrate's finding of probable cause for issuance of an arrest warrant from circumstances such as existed in Gallucci, when the finding was more than likely perfunctorily made by a justice of the peace not necessarily trained in the finer points of the law,[3] to a higher plateau of legitimacy. Consequently, an adversarial hearing is no longer critical to the integrity of a probable cause determination.
In light of rule 3.133, we hold that in a malicious prosecution suit a presumption arises from a magistrate's finding of probable cause for issuance of an arrest warrant which is conclusive, absent fraud or other corrupt means employed by the person initiating the prosecution. In the instant case, we agree with the trial court's ruling that the record contains no evidence of fraud or other improper means in securing appellant's committal. Accordingly, since appellant failed to demonstrate the presence of a genuine issue of material fact concerning the absence of probable cause, the trial court correctly entered summary judgment against him. Gallucci v. Milavic, 100 So.2d at 378.
In setting forth our rule today, we have not overlooked the supreme court's decision in Ward v. Allen, 152 Fla. 82, 11 So.2d 193 (1942), holding that proof of the issuance of an arrest warrant and the filing *809 of an information, although tending to refute the absence of probable cause, does not conclusively establish its presence. In Scarbrough, the supreme court adhered to its decision in Ward and declined to accord presumptive effect to a prosecutor's decision to file an information, but it did not expressly revisit that part of the Ward decision pertaining to the nonconclusive effect of arrest warrants.[4] As recognized earlier, however, the supreme court did hold that the Gallucci presumption "applied solely to a judicial determination of probable cause." Scarbrough, 355 So.2d at 1185. In light of that holding and rule 3.133, we are persuaded that the supreme court has receded from Ward insofar as it may be interpreted as not according a presumptive effect to a probable cause determination made by a magistrate in issuing an arrest warrant.[5] However, because of the impact our decision may have on suits for malicious prosecution, we certify the following question, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), as being one of great public importance:
IN A SUIT FOR MALICIOUS PROSECUTION, DOES A PRESUMPTION OF THE EXISTENCE OF PROBABLE CAUSE ARISE FROM A MAGISTRATE'S FINDING OF PROBABLE CAUSE FOR AN ARREST WARRANT, THAT PRESUMPTION BEING CONCLUSIVE ABSENT PROOF OF FRAUD OR OTHER CORRUPT MEANS EMPLOYED BY THE PERSON INITIATING THE PROSECUTION?
BOOTH, LARRY G. SMITH, JOANOS, THOMPSON, NIMMONS and BARFIELD, JJ., concur.
ERVIN, C.J., and WENTWORTH, J., concur in result.
ERVIN, C.J., concurs specially with an opinion, in which SHIVERS, J., concurs.
ZEHMER, J., concurs specially with an opinion, in which ERVIN, C.J., and MILLS, SHIVERS and WENTWORTH, JJ., concur.
ERVIN, Chief Judge, specially concurring.
I agree to the affirmance of the order granting summary judgment in favor of appellee in the malicious prosecution action. If I understand the majority's opinion correctly, it is not receding from the holding in Pinkerton v. Edwards, 425 So.2d 147 (Fla. 1st DCA 1983), to the effect that the denial of a motion for judgment of acquittal at the conclusion of the state's case in a criminal trial cannot be relied upon to establish a presumption for the existence of probable cause in a later civil action for malicious prosecution. Instead, the majority wishes only to recede from certain language in Pinkerton, not necessary to that decision, which emphasized the adversarial nature of a probable cause hearing as an essential predicate for any presumption that probable cause existed to bring the criminal charges. I would therefore view We now discredited Pinkerton statements as dicta, and unnecessary to the holding of the case, but I nevertheless agree with the majority that such statements can serve as the basis of en banc review. As the authors of a recent law review article state, "Due to the difficulty of distinguishing dicta from the holding of the case, it is probable that dicta can, and frequently will, create a conflict supporting an en banc consideration." Booth Clarkson, The Florida En Banc Rule, 36 U. of Fla.L.Rev. 71, 82 (1984).
The reason why the questioned language did not affect the case's holding is, as stated by Judge Smith in his special concurring opinion in Pinkerton: There was apparently nothing in the record showing "whether probable cause existed at the time he accusing party commenced the prosecution." 425 So.2d at 151. Therefore, "the application of a presumption in favor of the accusing *810 party can[not] be based upon the state of affairs as they appear at the conclusion of the State's case in the criminal trial." Id.
Additionally, I do not agree with the majority's suggestion that the statement made in Ward v. Allen, 152 Fla. 82, 11 So.2d 193, 195 (1942), to the effect that the issuance of an arrest warrant and the filing of an information does not conclusively establish the presence of probable cause, may have no continuing vitality. If a magistrate permits an arrest warrant to issue, without examination of the complainant or other witnesses, and fails to satisfy himself to a reasonable belief that the person complained against has committed the offense, as required by Section 901.02, Florida Statutes, the aggrieved person should not in my judgment be barred from establishing such facts in a later civil action for malicious prosecution. The negligent disregard of the law by the official responsible for the issuance of the warrant would, under such circumstances, have nothing to do with any fraudulent or corrupt motive on the part of the person initiating the prosecution, but it would be relevant to a consideration of whether probable cause existed for the issuance of an arrest warrant. If in fact a magistrate so shirked his judicial responsibility as to make the probable cause determination a sham, cf. Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1977), such fact could serve to negate any presumption that probable cause existed to prosecute. I therefore cannot join in the language of the certified question because I consider that it too narrowly restricts the scope of examination of the probable cause issue.
ZEHMER, Judge, specially concurring.
I concur in the result reached in the majority opinion, but for somewhat different reasons.
In a malicious prosecution case, the burden is always on the plaintiff to prove the absence of probable cause. Ward v. Allen, 152 Fla. 82, 83, 11 So.2d 193 (1943). Appellant argues that there were disputed issues of fact on this critical element, and supports this argument by references to several specific occurrences. I disagree. The facts, viewed most favorably to appellant, are legally insufficient to carry appellant's burden on this element.
Appellant Burns was a route salesman for appellee. The episode giving rise to this action began when appellee contacted one of its customers, Pit Stop Service Station, to inquire why its account was more than sixty days overdue. A Pit Stop employee stated that the check was in the mail, but when it did not arrive, appellee again contacted the customer. In the meantime, Pit Stop had acquired a new comptroller, who denied owing appellee for the merchandise invoices and accused appellant Burns of having taken the money after receiving payment from Pit Stop. Pit Stop employees insisted they had paid cash to Burns for the delivery, but appellee had no record indicating that Burns had taken any money belonging to it. Nevertheless, appellee's general manager testified that he confronted appellant with the accusation but that appellant avoided the question by changing the subject. Appellee's office of security advised the manager to turn the matter over to appropriate law enforcement authorities. At the manager's direction, one of appellee's employees, Marie Smith, contacted the state attorney's office and "told them that we had a customer who had complained and had accused the driver of taking the money, but we show the customer as a charge" (Smith deposition, pp. 27, 63). The state attorney's office told her she should report the matter to the police department, so Smith did so, and told Officer Stevenson that the customer's comptroller had accused Burns of receiving monies from his storekeeper for delivery of soft drinks (Smith deposition, p. 37). She also told Officer Stevenson that she had talked to the customer's manager and that he had told her that his employees had paid cash to appellant for the deliveries (Smith deposition, p. 37). She further told the officer that the settlement sheets showed the account as a charge account (Smith deposition, pp. 37-38). Smith never *811 asked that appellant be arrested, but stated that she left the question of whether to arrest appellant up to Officer Stevenson (Smith deposition, p. 62). Officer Stevenson interviewed two Pit Stop employees. He then appeared before Judge Wiggins and swore under oath that he believed appellant had committed the crime of grand theft. Based upon Stevenson's affidavit, Judge Wiggins found and certified that there was probable cause to believe that appellant committed the offenses charged and issued an arrest warrant.
It is apparent that the appellee's employees simply relayed information concerning a suspected criminal offense to law enforcement authorities and left it up to the authorities to conduct further investigation of the matter and to determine whether or not criminal charges should be filed. The authorities conducted their investigation and determined on their own to seek an arrest warrant. There was no basis upon which to conclude that the defendant's employees maliciously and improperly provided misleading information to the authorities to procure the filing of criminal charges. Absent evidence of such wrongful conduct by defendant's employees, there is no basis for legally holding the defendant liable. Thompson v. Taylor, 183 So.2d 16 (Fla. 1st DCA 1966). For this reason, I concur in the affirmance and would not reach the issue upon which the majority bases its decision.
I am troubled by the breadth of the conclusive presumption being fashioned in the majority opinion. The majority holds that the magistrate's ex parte finding of probable cause, absent fraud or other corrupt means, conclusively established appellant's inability to prove want of probable cause for the prosecution. The majority does so on the authority of Gallucci v. Milavic, 100 So.2d 375 (Fla. 1958), extending the holding of that case to a magistrate's ex parte hearing on the issue of probable cause at which appellant was not present and had no opportunity to be heard. This extension is made on the assumption that today, unlike in years past, the rules of criminal procedure "have clearly elevated the dignity of the magistrate's findings of probable cause for issuance of an arrest warrant from circumstances such as existed in Gallucci ... to a higher plateau of legitimacy," and that "an adversarial hearing is no longer critical to the integrity of a probable cause determination." The majority finds it necessary, however, to recede from language to the contrary in Pinkerton v. Edwards, 425 So.2d 147 (Fla. 1st DCA 1983). The majority reads Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1978), as concentrating on the magistrate's disinterested participation, rather than the adversarial nature of the probable cause proceeding, and assumes that the Supreme Court has therefore receded from its decision in Ward v. Allen, supra, insofar as that decision may be interpreted as giving no conclusive presumptive effect to a magistrate's ex parte decision to issue an arrest warrant. I would emphasize a further impediment to the majority's extension of Gallucci, i.e., the court's reference on several occasions in the Gallucci opinion to the fact that the accused was present at the probable cause hearing but remained silent: "We repeat the significant circumstance that during this procedure the appellant said nothing." 100 So.2d at 377. Evidently, the opportunity for the person accused of crime to be present and participate in the probable cause hearing was of considerable significance to the Gallucci decision.
In my opinion, appellee is adequately protected by the burden placed on appellant to show the want of probable cause, a burden that can be carried only by allegations and proof of specific wrongful conduct by appellee that procured the prosecution. Appellant failed to meet this burden. I believe it is unwise to indulge in assumptions, as the majority has done, in order to construct a rule that is unnecessarily broad and nonessential to the adequate protection of persons making good faith criminal charges. Fundamental to our system of jurisprudence and concepts of fair play and due process is the right of a party, such as appellant, to a hearing and the opportunity *812 to present evidence and be heard on the determination of each essential element of his cause of action. A probable cause hearing at which an accused can be present and participate affords ample recognition of this right; but when an ex parte hearing of which appellant had not notice and in which he could not participate becomes conclusive proof of probable cause in his subsequent malicious prosecution action against his accuser, it simply cannot be said that appellant has been afforded a fair opportunity to present evidence and be heard on all the critical elements of his cause of action.
The majority opinion cites no case involving an ex parte hearing without the accused's presence in which the court gives conclusive effect to a magistrate's finding of probable cause to issue an arrest warrant. All of the cited cases involved an adversarial hearing attended by the accused. I am not aware of any Florida decision to that effect.[1] Despite the explicit responsibilities placed upon the magistrate by the current rules of criminal procedure cited by the majority, and being fully aware that, unlike the prosecuting attorney, the magistrate is a neutral and disinterested person acting in a judicial role at an ex parte probable cause hearing, it is nevertheless my belief that the opportunity for appellant to attend and present evidence to the magistrate so that the magistrate may fairly consider both sides of the probable cause issue should continue to be an essential predicate to a conclusive presumption arising from the magistrate's decision. Otherwise, the conclusive presumption announced by the majority would operate to foreclose a plaintiff in a malicious prosecution action from any opportunity to attack a magistrate's ex parte probable cause determination on grounds that the evidence presented to the magistrate was facially insufficient to support a finding of probable cause, or perhaps other grounds alluded to in the concurring opinion of Judge Ervin, even though such evidence did not rise to the level of fraud or corruption. We should not fashion a rule of law that conclusively insulates an erroneous ex parte decision by a magistrate and deprives the plaintiff of any meaningful opportunity to be heard thereon. For these reasons, I would decline to extend the holding in Gallucci to ex parte proceedings before a magistrate at which the accused had no opportunity to be present and heard.
NOTES
[1] In Gallucci, a justice of the peace held a hearing to determine probable cause for prosecution at which evidence was received from the complainant. The accused appeared at the hearing but chose to remain silent and was bound over for trial. During trial a defense motion for directed verdict of not guilty was granted. A civil suit for malicious prosecution followed.
[2] The court in Pinkerton saw nothing in the record to support the notion that the county judge conducted a probable cause hearing or that he entered an order finding probable cause.
[3] Justice of the Peace Courts no longer exist. Sections 37.01 to 37.24, granting jurisdiction to those courts, were repealed by Laws 1963, c. 63-572, § 9; Laws 1972, c. 72-358, § 1; Laws 1972, c. 72-404, § 30.
[4] In Ward, unlike in Gallucci, the warrant was issued by a county judge on the basis of an affidavit submitted by the sheriff.
[5] In reaching this conclusion, we observe that Justice Thomas authored both the Ward and the Gallucci opinions.
[1] Appellee cites Lee v. Geiger, 419 So.2d 717 (Fla. 1st DCA 1982), as involving "a non-adversary proceeding," but it is clear from the opinion that Geiger, the plaintiff, "appeared before Judge Giles P. Lewis at a hearing for a determination for probable cause." 419 So.2d at 719. That case provides no exception to my statement.