510 So.2d 962 (1987)
Everett SANDERS, Appellant,
v.
CITY OF BELLE GLADE, Florida, Appellee.
No. 4-86-0882.
District Court of Appeal of Florida, Fourth District.
July 1, 1987.
Rehearing Denied, Opinion Corrected August 18, 1987.
*963 Thomas Montgomery, Belle Glade, for appellant.
Lori M. Berliner of Walsh, Theissen & Boyd, P.A., Fort Lauderdale, for appellee.
DOWNEY, Judge.
From a final summary judgment in favor of the appellee, City of Belle Glade (City), in a suit for false arrest and for injuries sustained while in custody, appellant, Everett Sanders (Sanders), has perfected this appeal.
Count I of Sanders' complaint alleges that he was arrested by City of Belle Glade police officers for possession of a lottery ticket, handcuffed, and taken into custody. While in custody, Sanders alleges that, due to the negligence of the officers, he was stabbed by a third party causing him serious, permanent, personal injuries and other damages. In Count II Sanders alleges that he was falsely arrested without authority of law or reasonable grounds to believe he had committed a crime; that the arrest was without probable cause. As a result, he suffered humiliation and shame and other damages, including injury to his good name and reputation. For all of the above alleged injuries Sanders claimed compensatory and punitive damages.
A default was entered against the City by the Clerk of the Circuit Court on October 10, 1985. On November 22, 1985, the City moved to set aside the default, which motion was supported by affidavits showing inadvertence and excusable neglect. At the hearing on said motion the trial court allowed the City leave to file additional affidavits to show a meritorious defense. Thereafter, the court granted the motion to set aside the default, which judicial act constitutes the first point on appeal.
By way of answer, the City denied the allegations of the complaint and, among other things, it alleged that the officers had probable cause to make the arrest, and that the City was protected by governmental immunity for the alleged conduct.
The City then filed its motion for summary judgment directed to Count I, in which it contended that it was not liable because it was not negligent and because, in any event, it was immune from suit under the alleged facts of the case. An amendment to the motion for summary judgment was filed by the City directed to Count II. The amendment was supported by an exhibit that showed that the trial court, in finding Sanders not guilty of the lottery ticket possession charge, also found that there was probable cause to make the arrest. The trial court granted the motion for summary *964 judgment upon authority of Burns v. GCC Beverages, Inc., 469 So.2d 806 (Fla. 1st DCA 1985), and subsequently entered a final summary judgment, holding that Sanders should take nothing by the action and appellee should go hence without day and recover its costs from Sanders. On motion for clarification, Sanders contended the court granted summary judgment only as to Count II since Burns related only to Count II. He further contended there remained a question of fact as to whether the City owed Sanders a duty that had been violated, resulting in his personal injuries. Said motion was denied.
Sanders' first point on appeal is that the trial court abused its discretion in granting the City's motion to vacate the default because the City did not show it had a meritorious defense. We dispose of this argument without extended discussion because the trial court had the discretion to allow the City to amend its motion to vacate by showing it had a meritorious defense. All of the cases upon which Sanders relies are cases in which no such showing was ever made. It is so well established as to need no citation of authority that defaults are not favored; rather determination of controversies on their merits is favored. Thus, the trial court properly exercised its discretion in this regard.
The second appellate point presented is that the trial court erred in granting summary judgment to the City. The thrust of this point is that, since the trial court relied upon Burns in granting summary judgment and Burns is only relevant to the false arrest count, the trial court did not rule on Count I regarding the claim for injuries sustained as a result of the City's negligence. No argument is made that as to the false arrest count the summary judgment was improper.[1]
Sanders contends that sovereign immunity is not a good defense against his claim for damages arising out of the stabbing incident because a special relationship existed between Sanders and the police after he was arrested, taken into custody, and handcuffed. That special relationship, he maintains, created a duty to protect him from foreseeable harm while he was in custody. The City, of course, disagrees and relies on the cases that hold that:
A law enforcement officer's duty to protect the citizens is a general duty owed to the public as a whole. The victim of a criminal offense, which might have been prevented through reasonable law enforcement action, does not establish a common law duty of care to the individual citizen and resulting tort liability, absent a special duty to the victim.

Everton v. Willard, 468 So.2d 936, 938 (Fla. 1985). (Emphasis added.) However, the City contends that no special relationship existed between Sanders and the police and thus they were immune from liability for his injuries.
Our analysis of the present state of the law on this subject is that the amended rule is as above quoted from Everton. Thus, unless there is a special relationship between Sanders and the police, Sanders cannot maintain a claim against the City. However, contrary to the City's contention, we hold the facts of this case demonstrate a special relationship between them. Once Sanders was arrested, taken into custody, and handcuffed, he was, so to speak, a ward of the City. The City was responsible for his safety just as it would be during his incarceration in the city jail. Of course, the cases are legion in which a governmental body has been held negligent and thus liable to a prisoner for injuries sustained at *965 the hands of other inmates or guards. The cases relied upon by the City, such as Everton v. Willard, 468 So.2d 936 (Fla. 1985), Leibman v. Burbank, 490 So.2d 218 (Fla. 4th DCA 1986), and Rodriguez v. City of Cape Coral, 468 So.2d 963 (Fla. 1985), as pointed out in State, Dept. of Highway Safety and Motor Vehicles v. Kropff, 491 So.2d 1252 (Fla. 3d DCA 1986), are distinguishable since in those cases there was no special relationship created because the officer failed to make an arrest and place the offender in custody; whereas, in City of North Bay Village v. Braelow, 469 So.2d 869, 871 (Fla. 3d DCA 1985),[2] governmental immunity was rejected and the city held liable for injuries sustained by the plaintiff as a result of the officer's negligence in making the arrest. Apropos of the special relationship, the court there said:
Braelow has shown a special and direct interest in the officer's performance of his duty in that the serious personal injury sustained by Braelow constituted "special damages." Rupp v. Bryant, 417 So.2d 658 at 664 [Fla. 1982]. Second, at the time the injuries occurred, Ort was engaged in ministerial duties; that is, having already made the decision to arrest, he was engaged in activities incident to carrying out that decision. At that point, Ort owed a duty, which was specific to Braelow and to no other person, to act with reasonable care.
Thus, if it were shown here that the police were negligent in protecting Sanders under the circumstances of this case, summary judgment would not have been appropriate. However, the City's motions for summary judgment were supported by affidavits that clearly showed the arresting officers were as surprised as was Sanders when a woman ran by the officers who were escorting Sanders to the patrol car and stabbed Sanders. The entire scenario happened so quickly that, not only did they not see her knife, but they did not even see the assailant coming. Nor were there any factual circumstances putting them on notice of the likelihood of such an attack taking place. In opposition to these proofs of no fault on their part, Sanders filed nothing. Thus, on this record we hold the trial court was correct in granting summary judgment upon the entire case as pleaded by Sanders.
AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.
NOTES
[1] Burns v. GCC Beverages, Inc., 469 So.2d 806 (Fla. 1st DCA 1985), held that a presumption of the existence of probable cause arises from a magistrate's finding of probable cause for issuance of an arrest warrant and the presumption is conclusive, absent proof of fraud or other corrupt means employed by the person initiating the prosecution. This holding was presented to the supreme court by certified question and the supreme court, in Burns v. GCC Beverages, Inc., 502 So.2d 1217 (Fla. 1986), affirmed on other grounds. However, the main point of the case was that the presumption of the existence of probable cause arising from a magistrate's finding of probable cause for issuance of an arrest warrant is not conclusive, absent proof of fraud or other corrupt means employed in initiating the prosecution unless both parties had an opportunity to be heard on the question of probable cause.
[2] Reversed on other grounds at 498 So.2d 417 (Fla. 1986).