509 So.2d 1252 (1987)
Harold Bernard ROTTE, Appellant,
v.
CITY OF JACKSONVILLE, Appellee.
No. BP-338.
District Court of Appeal of Florida, First District.
July 9, 1987.
*1253 Carlton L. Welch, Jacksonville, for appellant.
Gerald A. Schneider, Gen. Counsel, Grady W. Martin, Asst. Gen. Counsel, Jacksonville, for appellee.
SHIVERS, Judge.
The appellant in this case, Harold Bernard Rotte, appeals the trial court's entry of final summary judgment in favor of the appellee/defendant in appellant's action for false arrest. For the reasons stated below, we reverse and remand for further proceedings.
The facts indicate that on January 30, 1985, G.W. Carlson of the Jacksonville Sheriff's Department obtained and executed a warrant to search appellant's condominium for photographs and other evidence which he believed appellant to be using in violation of section 827.071(3), Florida Statutes.[1] As a result of the search, Carlson seized a black notebook and five photographs, and placed appellant under arrest. At a bond hearing held the following day, the County Judge issued a "Finding of Probable Cause to Detain," however, it appears that this Finding was based solely on the description of the photographs contained in Carlson's arrest and booking report and its attached affidavit, and that the photos themselves were neither produced nor viewed by the judge.[2]
Approximately two and one half months later, the State announced its decision not to prosecute, and appellant filed a two-count claim for false arrest against Officer Carlson, Sheriff Dale Carson, and the City of Jacksonville. During the pendency of the case, appellant voluntarily dismissed both counts against Carlson and Carson, as well as Count One against the City, and the trial court granted appellee's motion for summary judgment on Count Two, entering a corrected final order dismissing the case. Rotte now appeals the entry of summary judgment on Count Two on the basis that the trial court improperly relied upon the County Judge's finding of probable cause to determine appellee's lack of liability. We agree and reverse.
In Gallucci v. Milavic, 100 So.2d 375 (Fla. 1958), the supreme court held that in a malicious prosecution action a presumption arises from a magistrate's finding of probable cause to issue an arrest warrant which will bar the plaintiff's malicious prosecution action absent a showing of fraud or other improper means in securing the warrant. See also this court's decision in Burns v. GCC Beverages, Inc., 469 So.2d 806 (Fla. 1st DCA 1985). While these decisions might appear to support the entry of summary judgment, there are several factors which distinguish the instant case. First, both Gallucci and Burns involved malicious prosecution cases. In an action for malicious prosecution, the plaintiff is required to prove lack of probable cause as an element of the cause of action. In a false arrest action, on the other hand, the plaintiff is required only to establish imprisonment contrary to his will and the unlawfulness of the detention. City of Hialeah v. Rehm, 455 So.2d 458 (Fla. 3d DCA 1984). Probable cause may then be raised and proved by the defendant, as an affirmative defense. Lee v. Geiger, 419 So.2d 717 (Fla. 1st DCA 1982). In an action for false arrest, therefore, use of the Gallucci presumption of probable cause absent a showing of fraud or other improper means would in effect improperly place the burden on the plaintiff to establish a lack of probable cause.
*1254 Second, the question certified by this court in Burns, supra,[3] was recently answered in the negative, the supreme court holding that a magistrate's finding will establish a presumption of probable cause in a malicious prosecution action only where the defendant had the opportunity to be heard by the magistrate and to present evidence on the issue of probable cause. Burns v. GCC Beverages, Inc., 502 So.2d 1217 (Fla. 1986). The court cited to Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) for the proposition that the mere issuance of a warrant does not guarantee that its issuance was reasonable, and stated that this was especially true where the warrant was issued at an ex parte hearing where the accused had no opportunity to present evidence. Even assuming the Gallucci holding applied to actions for false arrest as well as to those for malicious prosecution, the magistrate's finding of probable cause to detain in the instant case was apparently without benefit of any evidence other than the arresting officer's conclusory statements in the arrest report and supporting affidavit. See Carson v. Brookshire, 440 So.2d 614 (Fla. 1st DCA 1983), in which this court held that while probable cause to arrest may be a defense in a false imprisonment action, "the existence of probable cause is a `common-sense, practical question' dependent upon the totality of the circumstances involved." 440 So.2d at 615, quoting Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
Accordingly, the trial court's entry of summary judgment in defendant's favor on Count Two of appellant's complaint is reversed, and the cause is remanded for further proceedings.
REVERSED and REMANDED.
THOMPSON and NIMMONS, JJ., concur.
NOTES
[1] Section 827.071(3) provides:

(3) A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age. Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Four of the seized photographs depicted young females with exposed breasts, while the fifth photograph was of a young female who was completely clothed. There was nothing on the photographs to indicate the age of the women.
[3] A SUIT FOR MALICIOUS PROSECUTION, DOES A PRESUMPTION OF THE EXISTENCE OF PROBABLE CAUSE ARISE FROM A MAGISTRATE'S FINDING OF PROBABLE CAUSE FOR AN ARREST WARRANT, THAT PRESUMPTION BEING CONCLUSIVE ABSENT PROOF OF FRAUD OR OTHER CORRUPT MEANS EMPLOYED BY THE PERSON INITIATING THE PROSECUTION?