606 So.2d 1240 (1992)
Dale Aubrey MAYBIN, Appellant,
v.
Malcolm THOMPSON, individually and in his official capacity as a member of the City of Fort Myers Police Department, a municipal corporation, Appellee.
No. 91-01850.
District Court of Appeal of Florida, Second District.
October 21, 1992.
*1241 James W. Whitney, Fort Myers, and Douglas S. Lambeth, Fort Lauderdale, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellee.
THREADGILL, Judge.
Dale Aubrey Maybin, plaintiff below, challenges a final summary judgment entered in favor of Malcolm Thompson, a Fort Myers police officer, defendant below, in this action for malicious prosecution. We reverse.
Initially, Maybin filed a civil action against the City of Fort Myers and Officer Thompson for damages resulting from a confrontation between Maybin and Thompson which occurred on May 2, 1981. Only the claims against Thompson are relevant to this appeal. A jury found Thompson liable for malicious prosecution but awarded zero dollars in damages. The jury found Thompson not liable on claims for battery, and false arrest/false imprisonment. Upon Maybin's motion, the trial court granted a new trial on the issue of damages for malicious prosecution, and Thompson appealed. The verdict finding Thompson not liable for battery, and false arrest/false imprisonment was not appealed.
In Maybin v. Thompson, 560 So.2d 295 (Fla. 2d DCA 1990), this court reversed the trial court's order granting a new trial as to damages only, and remanded for a new trial on all issues of damages and liability growing out of the action for malicious prosecution. Upon remand to the trial court, Thompson moved for summary judgment. The trial court granted the motion, entered judgment for Thompson, and Maybin filed this appeal.
Maybin raises two issues, both of which have merit and require reversal. First, the entry of summary judgment following remand by this court is procedurally barred. A trial court may grant summary judgment on remand where the summary judgment is consistent with the reversing court's mandate. See Fish Carburetor Corp. v. Great American Ins. Co., 125 So.2d 889 (Fla. 1st DCA 1961); Walker v. Atlantic Coastline R.R. Co., 121 So.2d 713 (Fla. 1st DCA 1960). Here, however, the summary judgment is inconsistent with this court's mandate. The mandate holds that the parties are entitled to a new trial on all issues arising from the malicious prosecution claim, while the summary judgment effectively dismisses that cause of action against Thompson.
Second, Thompson's arguments in support of summary judgment, upon which the trial court obviously relied, are unavailing. He argues that the jury verdict absolving him of liability on the false arrest/false imprisonment claim conclusively establishes, as a matter of law, that there was probable cause to prosecute the criminal charges against Maybin. He then concludes that because want of probable cause is an essential element in a claim for malicious prosecution, Maybin cannot prove his claim. We disagree.
False arrest/false imprisonment and malicious prosecution are distinct causes of action. The elements of an action for malicious prosecution are: the instigation of a criminal proceeding by the defendant; its termination in favor of the plaintiff; the exercise of malice by the defendant; want of probable cause; and damage. Ward v. Allen, 152 Fla. 82, 11 So.2d 193 (Fla. 1942). False imprisonment, on the other hand, is the unlawful restraint of a person against his will, the gist of which is the unlawful detention of the plaintiff and *1242 the deprivation of his liberty. Johnson v. Weiner, 155 Fla. 169, 19 So.2d 699 (Fla. 1944). A defendant accused of malicious prosecution is liable for the confinement caused by the arrest only because it is a part of the damages caused by malicious prosecution. Erp v. Carroll, 438 So.2d 31, 40 (Fla. 5th DCA 1983).
In light of these distinctions, we reject Thompson's argument that the jury's finding of no liability as to the false arrest/false imprisonment claim conclusively establishes, as a matter of law, the existence of probable cause. The jury's finding of no liability was not necessarily based on a finding that probable cause existed, but could have been based on a finding concerning the nature of the detention. In fact, in its verdict form, the jury answered affirmatively when asked if Thompson "maliciously and without probable cause institute[d] a criminal proceeding" against Maybin (emphasis added).
We therefore reverse the order granting summary judgment and remand for a new trial in accordance with this court's previous mandate.
FRANK, A.C.J., and BLUE, J., concur.