490 So.2d 218 (1986)
Pamela LEIBMAN and Howard Polley, Appellants,
v.
Carol Middaugh BURBANK, the City of Fort Lauderdale, et al., Appellees.
No. 85-1636.
District Court of Appeal of Florida, Fourth District.
June 25, 1986.
Harold Mendelow, North Miami Beach, for appellants.
Robert H. Schwartz of Gunther & Whitaker, P.A., Fort Lauderdale, for appellee-City of Fort Lauderdale.
*219 LETTS, Judge.
This is an appeal from the trial court's grant of a final summary judgment holding that the City is protected by the doctrine of sovereign immunity when a police officer exercises his discretion while on duty. We affirm.
Some two hours after midnight, an automobile accident occurred in which the appellants sustained injuries. A vehicle driven by an intoxicated driver collided with the appellants' vehicle. At the time of the incident, the appellants' automobile was out of gas and they were pushing it.
Shortly before the collision, the police officer, who was going to the scene of a burglary, encountered the appellants pushing their vehicle and asked them what the trouble was. They advised him that their vehicle had run out of gas and that they were pushing it to a gasoline station about one mile away. The officer told the appellants to be careful and avoid covering over the vehicle's flashing lights while pushing it. Having satisfied himself that the lights and flashers were functional, the officer proceeded to the scene of the burglary.
The appellants brought an action against the intoxicated driver and the City of Fort Lauderdale for injuries sustained in the accident. As to the City, the complaint alleged that the police officer acted negligently and carelessly by failing to provide adequate protection in such an emergency situation. They also alleged that their vehicle constituted an obstruction on the street, that an accident was foreseeable and that the police officer acted unreasonably in leaving the scene.
We hold that this case is governed by the case of Trianon Park Condominium v. City of Hialeah, 468 So.2d 912 (Fla. 1985), and Everton v. Willard, 468 So.2d 936 (Fla. 1985). As was said in Trianon, there is no common law duty of care:
How a governmental entity, through its officials and employees, exercises its discretionary power to enforce compliance with the laws duly enacted by a governmental body is a matter of governance, for which there never has been a common law duty of care. This discretionary power to enforce compliance with the law, as well as the authority to protect the public safety, is most notably reflected in the discretionary power given to judges, prosecutors, arresting officers, and other law enforcement officials, as well as the discretionary authority given fire protection agencies to suppress fires.
Additionally, in Everton the court recognized that a municipality can only be subjected to tort liability for its failure to use reasonable care in protecting individuals if a special relationship exists between the municipality and the individual. As Everton expressed it:
A law enforcement officer's duty to protect the citizens is a general duty owed to the public as a whole. The victim of a criminal offense, which might have been prevented through reasonable law enforcement action, does not establish a common law duty of care to the individual citizen and resulting tort liability, absent a special duty to the victim.
We find, under the facts of the case at bar, that the police officer owed only a general duty to the public and that no special relationship existed between the officer and the plaintiffs.
AFFIRMED.
ANSTEAD and DELL, JJ., concur.