591 So.2d 317 (1991)
J.B., a minor, By and Through Lorna SPIVAK, Guardian Ad Litem, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, State of Florida, City of Fort Lauderdale, et al., Appellees.
No. 91-0121.
District Court of Appeal of Florida, Fourth District.
December 27, 1991.
Rehearing Denied January 30, 1992.
Sara C. Lindsey and Gary M. Cohen, Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellant.
Robert H. Schwartz, Gunther & Whitaker, P.A., Fort Lauderdale, for appellee City of Fort Lauderdale.
PER CURIAM.
J.B., a minor, through his guardian ad litem, appeals a final summary judgment in favor of appellee, City of Fort Lauderdale, finding that a Fort Lauderdale law enforcement officer did not have, nor breach a duty to appellant, who sustained injuries as a result of alleged physical abuse by his parents. We affirm.
Appellant, now six years of age, was only five months old when an HRS worker received a report that appellant was the victim of abuse, and was dispatched to appellant's home to investigate the allegations. Joining the worker was a Fort Lauderdale law enforcement officer who was dispatched to accompany the worker on the investigatory visit.
The officer has no personal independent recollection of the date in question or the ensuing investigation and/or incident. The worker says the officer stood by while she completed her examination of appellant. After finding no evidence of physical abuse, both she and the officer left the home taking no further action.
Eleven days after the above incident, appellant was taken to the emergency room of Broward General Medical Center, where the inpatient admission record indicates "child abuse" as a secondary diagnosis. The admitting physician's discharge summary notes that when admitted there was slight bruising on the bridge of appellant's *318 nose, an old linear cut on the right upper eyelid, and an old bruise on the right temporal aspect. Appellant was subsequently discharged into HRS's care and remains irreversibly brain damaged.
Appellant, by and through his Guardian Ad Litem, filed an action for money damages against several defendants including appellee, HRS, the Broward County Emergency Medical Services and the individuals who head those entities. Of relevance to this appeal, appellant alleged that the law enforcement officer who accompanied HRS personnel to appellant's home failed to conduct an appropriate investigation, and failed to properly assess and evaluate the true condition of appellant.
After a hearing on appellee's motion for summary judgment the trial court expressly stated that the material facts as they relate to appellee are not in dispute and therefore this case is amenable to summary judgment. Thereafter, the trial court noted:
4. In order to invoke governmental tort liability, there must be an underlying common-law or statutory duty of care which relates to the alleged negligence. Trianon Park Condominium Association v. City of Hialeah, 468 So.2d 912, 917 (Fla. 1985).
See also Everton v. Willard, 468 So.2d 936 (Fla. 1985). The trial court also said:
5. Florida Statutes Sec. 415.504 does require a law enforcement officer to: "report the knowledge of suspicion of a child abuse to the Department's abuse registry." However, in the instant case, the Department had already on more than one occasion been contacted as to a possibility of abuse. In fact, in regard to the specific date, time and occasion, the officer was present at the request of the HRS worker to accompany her during her investigation. Therefore, logic would dictate that there would be no statutory duty imposed on the officer to make a second independent investigation as to the alleged abuse. A civil cause of action is not afforded for the failure to report child abuse. Fischer v. Metcalf, 543 So.2d 785 [(Fla. 3d DCA 1989)].
The trial court's order further suggests that even if the law enforcement officer negligently failed to proceed with an investigation of the abuse, this would still not give rise to a cause of action in light of the present case law, advising that a law enforcement officer's duty to protect the citizens is a general duty owed to the public as a whole and absent a special duty to the victim, a duty of care and resulting tort liability to the individual citizen does not exist (citing Department of Health & Rehabilitative Services v. Yamuni, 529 So.2d 258 (Fla. 1988), and Leibman v. Burbank, 490 So.2d 218 (Fla. 4th DCA 1986)).
We agree with the trial court that there was neither a statutory nor common-law duty by the City under the facts of this case; and that summary final judgment was proper.
GLICKSTEIN, C.J., and POLEN and GARRETT, JJ., concur.